Jess **LAUBINGER**, Appellant,

v.

**MISSOURI STATE HIGHWAY COMMISSION, Respondent.**

**No. WD 38119.**

Missouri Court of Appeals,
Western District.

Jan. 13, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1987.

Application to Transfer Denied
April 14, 1987.

Deborah L. Hellmann, of Sullivan & Watkins, Inc., Clayton, for appellant.

Bruce A. Ring, Chief Counsel, Paula Lambrecht, Tana K. VanHamme, Asst. Counsels, of Missouri Highway and Transp. Com'n, Jefferson City, for respondent.

Before PRITCHARD, P.J., and MANFORD and BERREY, JJ.

PER CURIAM.

Plaintiff Laubinger appeals from an order of the Cole County Circuit Court dismissing his breach of contract action against the Missouri State Highway Commission. A previous action on these same facts was dismissed by the circuit court in 1981 for failure to prosecute, and the court dismissed the present suit as res judicata. On appeal, plaintiff argues that the circuit court erred by granting the motion to dismiss because the first dismissal was not with prejudice, and because plaintiff did not have reasonable notice and opportunity to be heard prior to the first dismissal. Judgment affirmed.

Plaintiff originally filed this breach of contract action on January 31, 1975, alleging, *inter alia*, that plaintiff contracted with the Highway Commission to furnish construction materials, that plaintiff was prevented by causes beyond his control from completing the contract as scheduled, and that the Highway Commission assessed liquidated damages against plaintiff. Plaintiff's attorney withdrew from the case in 1979.

On March 24, 1981, the Cole County Circuit Court sent a letter over the signature of Judge Byron L. Kinder advising plaintiff that there had not been any activity in the case for at least twelve months and that the case would be dismissed for want of prosecution if no further action was taken by April 20, 1981. The letter was prepared by the circuit clerk's office as part of a routine docket-clearing procedure. The letter was addressed to the most current address of plaintiff in the court file, stamped, and mailed, with a return address, through the regular mail service. The clerk of the Cole County Circuit Court testified, at the hearing on the motion to dismiss, that she supervised the mailing of approximately 350 such letters in 1981. If one of these letters was returned by the post office, it was file-stamped and filed in the court file for the case. Plaintiff testified that he did not receive the letter advising him that his case would be dismissed. The Cole County Clerk testified that the court file in plaintiff's case did not contain a returned letter.

Plaintiff's first action was dismissed by docket entry "for want of prosecution" on May 15, 1981. A motion to reinstate the case was denied. The present action was filed on February 23, 1982. Although the parties participated in discovery, Judge James F. McHenry scheduled a hearing on respondent's motion to dismiss and on January 16, 1986, entered an order dismissing the case because it was "barred by the statute of limitations and res judicata."

■ Plaintiff's first point is that the trial court erred by dismissing this case because the first dismissal was not an adjudication on the merits and he should be permitted to refile under the saving statute, § 516.230 RSMo 1978. He also argues that the first dismissal was without prejudice because it was merely a docket-clearing procedure handled by clerical employees, and not an order of the court.

. The trial court has the inherent power to . enter a judgment of dismissal, on its own motion, for failure to prosecute. *Bindley v. Metropolitan Life Insurance Co.*, 335 S.W.2d 64, 69 (Mo.1960). An involuntary dismissal is with prejudice and bars assertion of the same cause of action if the court does not specify otherwise. Rule 67.03. Although a dismissal without notice and opportunity to be heard is not with prejudice, unless the order specifies otherwise, an order of dismissal for want of prosecution, entered after the requirements of due process have been met, is with prejudice. *Bindley v. Metropolitan Life Insurance Co.*, 358 Mo. 31, 213 S.W.2d 387, 391 (1948). The action of the clerk of the circuit court was taken under the direction of Judge Kinder and has the effect of an order by the judge. The fact that the action was taken as part of a routine docket-clearing procedure does not prevent it from having the effect of an order of the court, as long as the plaintiff is given notice and an opportunity to be heard. *Id.*

■ Plaintiff also argues that the dismissal of the first case should not operate as an adjudication of the merits because

plaintiff did not have reasonable notice and opportunity to be heard prior to the dismissal. The Clerk of the Circuit Court of Cole County testified that the notice to plaintiff was mailed, in a properly addressed and stamped envelope, to the most recent address for plaintiff contained in the court file, which was Leslie, Missouri 63056. Plaintiff testified at the hearing on the motion to dismiss that he did not receive the letter and that his correct address is Route 1, Leslie, Missouri 63056. He further testified that he has lived at this address since 1943.

The test for sufficient notice to satisfy due process is notice reasonably calculated to apprise the plaintiff of the proposed dismissal and to afford a reasonable opportunity to object. *W.M. Crysler Co. v. Smith*, 377 S.W.2d 134, 139 (Mo.App.1964). Proof of mailing, by showing a letter was properly addressed, stamped, and mailed, with a return address, creates a rebuttable presumption of receipt by the addressee and proof to the contrary, such as that offered here, simply creates a question of fact. *Price v. Ford Motor Credit Co.*, 530 S.W.2d 249, 253 (Mo.App.1975). The address to which the letter was sent by the clerk's office was adequate to insure that plaintiff receive it. The proof of the mailing, coupled with the testimony of the clerk that the letter was not returned to the court, is sufficient to raise the presumption that plaintiff received notice that his case would be dismissed if no further action was taken by April 20, 1981.

Further, defendant should have been on notice that his case might be dismissed because of his duty, generally, "to keep abreast of all proceedings in his case ..." *Bindley*, 335 S.W.2d at 70. The record shows that no action was taken in the case between the withdrawal of plaintiff's attorney on February 19, 1979, and the dismissal for want of prosecution of May 15, 1981.

The trial court did not err by granting the motion to dismiss. It could reasonably have found that the first dismissal was entered after notice and a reasonable op-

portunity to object, and operated as a dismissal with prejudice.

Judgment affirmed.