FISCHER, SPUHL, HERZWURM & ASSOCIATES, INC., et al., Appellants,

v.

FORREST T. JONES AND COMPANY, INC., et al., Respondents.

No. WD 39143.

Missouri Court of Appeals, Western District.

March 1, 1988.

As Modified May 3, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 1988.

Application to Transfer Denied June 14, 1988.

Jeanene Moenckmeier, P.C., St. Louis, for appellant Ernest J. Herzwurm.

Shook Hardy & Bacon, William G. Zimmerman, William L. Allinder, Kansas City, for respondents Forrest G. Jones & Co., Inc., et al.

Alex Bartlett, Jefferson City, for respondent American Health and Life Ins. Co.

Bryan, Cave, McPheeters & McRoberts, Thomas C. Walsh, John Michael Clear, St. Louis, for respondent New York Life Ins. Co.

Before PRITCHARD, GAITAN and COVINGTON, JJ.

COVINGTON, Judge.

Plaintiff Herzwurm appeals from an order denying his "Motion to Set Aside Judgment of 5/21/84 Pursuant to Rule 74.32; or in the Alternative, Motion in the Nature of Writ of Error Corum [sic] Nobis." Judgment affirmed.

This appeal arises from antitrust litigation initiated in 1977 by Herzwurm and other plaintiffs against Forrest T. Jones and Company, Inc., and other defendants. Although the issues in the underlying suit have no bearing on this appeal, a chronolo-

gy of pertinent procedural events is instructive.

| DATE | EVENT |
|------|-------|
| February 2, 1977 | Plaintiffs filed Petition. |
| November 10, 1980 | Defendants filed counterclaim. |
| April 4, 1983 | Trial court dismissed plaintiffs' claims for failure to comply with discovery order. |
| April 27, 1983 | Plaintiffs filed Notice of Appeal, Missouri Court of Appeals, Western District. |
| May 16, 1983 | Trial court placed defendants' counterclaim on inactive docket with notice to attorneys for all parties. |
| February 8, 1984 | Missouri Court of Appeals, Western District, entered order dismissing appeal, because of pendency of counterclaim, as premature. |
| March 8, 1984 | Present counsel for plaintiff entered appearance. |
| May 21, 1984 | Trial court dismissed counterclaim. |
| August 9, 1984 | Circuit court sent letter regarding court costs to plaintiff's counsel. |
| December 6, 1985 | Plaintiff filed "Motion for Court to Withdraw Docket Entry of 5–21–84 'Case Dismissed Per Court Rule 8.2' as Null and Void and Thereafter to Dismiss Counterclaim for Failure to Prosecute, with Notice to All Parties". |
| December 12, 1985 | Trial court denied Motion to Withdraw Docket Entry. |
| February 4, 1987 | Plaintiff filed "Motion to Set Aside Judgment of 5/21/84 Pursuant to Rule 74.-32; or in the Alternative Motion in the Nature of Writ of Error Coram Nobis." |
| February 12, 1987 | Trial court overruled Motion to Set Aside. |

Plaintiff's appeal involves the trial court's denial of his February 4, 1987, Motion to Set Aside. Plaintiff requested the trial court to set aside or vacate the dismissal of defendants' counterclaim on the ground that the failure to notify plaintiff of the docket entry of dismissal was an irregularity meriting relief under Rule 74.32.

Plaintiff desires reinstatement of the counterclaim filed by defendants against him and other plaintiffs. Plaintiff's reason for this unusual request is that plaintiff, allegedly not having been aware of the entry of the order dismissing the counterclaim, failed timely to appeal the dismissal of the underlying antitrust case which became final when the counterclaim was dismissed. Plaintiff desires reinstatement of defendants' counterclaim so that he may file a timely Notice of Appeal, after the counterclaim is redismissed. Plaintiff claims that he personally was not aware of the dismissal of the counterclaim until January 21, 1985, when he received a memorandum from the United States District Court, Eastern District of Missouri, where he had filed a pro se civil rights action against Judge John Parrish of the Miller County Circuit Court, the corporate defendants in this cause, and counsel for the defendants. The memorandum mentioned that the dismissal of plaintiffs' antitrust claims became final in May, 1984.

The counterclaim was dismissed by the trial court pursuant to Miller County Circuit Court Local Rules 8.2, 36.5, 37.1, and 37.2. On May 16, 1983, the trial judge, by order, placed the defendants' counterclaim on the inactive docket. On May 18, 1983, the circuit court sent copies of the court's order to all attorneys of record in the case. The order incorporated by reference local rules 8.2, 36.5, 37.1, and 37.2, and the clerk provided copies of the relevant rules with the order to all attorneys of record.

Rule 8.2 in relevant part provides:

Attorneys of record in cases placed on the inactive docket shall be notified by the circuit clerk of the transfer of cases to the inactive docket within thirty (30) days next following such transfer.... After a case is placed on the inactive

docket, unless it is reinstated to the active docket BY COURT ORDER prior to expiration of one (1) year, the case shall then be dismissed, without prejudice and without further notice to any party thereto, for lack of prosecution. Any such dismissal shall be by operation of this rule and shall be effective immediately upon expiration of the time aforesaid.

Plaintiff's Motion to Set Aside invokes Rule 74.32: "Judgments in any court of record shall not be set aside for irregularity on motion, unless such motion be made within three years after the rendition thereof." Plaintiff's claim for relief on appeal is brought exclusively under Rule 74.32. The trial court denied the Motion to Set Aside on the ground of lack of jurisdiction and on alternative grounds; only two issues need be addressed: 1) whether the trial court had jurisdiction to consider the merits of the motion; and 2) whether the trial court's denial of the motion was proper.

■ The trial court has jurisdiction, for three years after rendition of a judgment, to vacate the judgment for irregularity, so long as the case has not been removed from the trial court's jurisdiction by the filing of a notice of appeal. *State ex rel. Brooks Erection & Construction Co. v. Gaertner*, 639 S.W.2d 848, 850 (Mo.App. 1982). At the time of filing the Motion to Set Aside under Rule 74.32, plaintiff had not appealed following dismissal of the counterclaim. The judgment that plaintiff seeks to set aside was rendered on May 21, 1984; therefore, the trial court had jurisdiction to consider the Rule 74.32 motion filed by plaintiff on February 4, 1987.

■ The Supreme Court of Missouri in *Barney v. Suggs*, 688 S.W.2d 356 (Mo. banc 1985), discusses comprehensively the irregularity requirement of a Rule 74.32 motion to set aside a judgment. The scope of Rule 74.32 is limited. An irregularity under the rule must render the judgment contrary to a proper result. While the irregularity need not be one which would render the judgment void, it must indicate that the judgment was materially contrary to the

established form and mode of procedure for the orderly administration of justice. The rule reaches only procedural errors which, if known, would have prevented the entry of a judgment. A motion under Rule 74.32 is not a substitute for direct appeal. *Id.* at 358–59.

The irregularity asserted by the plaintiff is the failure of the trial court to give notice of dismissal of the defendants' counterclaim at the time the dismissal was entered on the docket. Plaintiff claims due process violations.

■ Rule 74.78 governs notice upon the entry of an order or judgment:

Upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided in Rule 43.01 upon every party affected thereby who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order of judgment. If such notice is not given, said order or judgment shall be set aside for good cause shown upon written motion filed within 6 months from the entry of the order or judgment.

Plaintiff was affected by the entry of the order dismissing the counterclaim filed against him. He was not in default for failure to appear and was not present in court in person or by attorney at the time of the entry of the order. He was, therefore, entitled to notice under Rule 74.78, despite the notice provided a year earlier pursuant to local rule 8.2.

■ Failure to satisfy the requirements of Rule 74.78, however, in this context and at this time, is not an irregularity contemplated by Rule 74.32. Plaintiff cites *Traders Bank of Kansas City v. Cherokee Investment Co., Inc.*, 642 S.W.2d 122, 126–27 (Mo.App.1982), where failure to give notice required by Rule 74.78 was held ample grounds for setting aside a default judgment for irregularity under Rule 74.32. Plaintiff also cites *Estate of Sympson*, 577 S.W.2d 68, 71–72 (Mo.App.1978), citing

*Hoppe, Inc. v. St. Louis Public Service Co.*, 361 Mo. 402, 235 S.W.2d 347, 350 (Mo. banc 1950), which addresses notice requirements. The cases are clearly distinguishable. In each case, due process considerations required notice because of the litigant's right to have an opportunity to present his views as to the matters before the court which might affect his rights. Moreover, the motions to set aside in these cases were timely filed. The plaintiff here, however, neither needs nor requests an opportunity to present his views with respect to the dismissal of the counterclaim to the court. Additionally, plaintiff's motion to set aside was not timely filed.

Plaintiff failed timely to request relief under Rule 74.78 and now seeks to find an "irregularity" under Rule 74.32. The sole reason for plaintiff's request is his not insignificant interest in filing a timely notice of appeal from the dismissal of his underlying antitrust claims. His problem, however, is not an irregularity contemplated by the limited scope of Rule 74.32. The order entered here was not contrary to a proper result. The order itself did not prejudicially affect plaintiff's interests; in fact, the order itself operated in his favor. (It is notable that, were plaintiff to prevail in his request to have the counterclaim reinstated, defendants conceivably could proceed with their claim, and plaintiff would then, indeed, be prejudiced.) The trial court properly recognized that Rule 74.32 does not apply to the assertions made in the plaintiff's motion.

Plaintiff argues that facts outside of the record entitle him to relief in the trial court by way of a writ of coram nobis. This contention has been considered and found to be without merit.

Finally, plaintiff states that he is entitled to file his appeal in this court because "... when the counterclaim was dismissed on May 21, 1984, his premature appeal was considered timely filed pursuant to Rule 81.05(b)." Plaintiff's allegation is not of trial court error in connection with the judgment from which he appeals and is not properly considered in the context of this appeal.

Judgment affirmed.

All concur.