STATE of Missouri, ex rel.
VICKER'S, INC., Relator,

v.

Honorable Charles E. TEEL, Judge of the Circuit Court of Jasper County, Missouri, Division III, Respondent.

No. 17238.

Missouri Court of Appeals,
Southern District,
Division Two.

March 26, 1991.

Ronald G. Sparlin, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for relator.

Philip J. Metz, Joplin, for respondent.

PARRISH, Presiding Judge.

This is an original action in prohibition in which relator seeks to prohibit the respondent judge from overruling relator's motion to dismiss a civil lawsuit pending in the Circuit Court of Jasper County, Missouri. Relator is defendant in that action. A preliminary order in prohibition was entered. Rule 97.04. For the reasons that follow, the preliminary order in prohibition is made absolute.

The case of *Ron Keough v. Vicker's, Inc.*, number CV186–630CC, was filed June 11, 1986, in the Circuit Court of Jasper County. The plaintiff in that case sought recovery in two counts against Vicker's, Inc. The petition alleged that Ron Keough (hereafter referred to as "plaintiff") was employed by Vicker's, Inc. (hereafter referred to as "relator"); that relator provided its employees with short-term disability benefits under a self-insured payment plan; that plaintiff was disabled and had applied for disability benefits from relator, but plaintiff's application was denied. In Count I of the original petition, plaintiff sought a money judgment for the amount of disability benefits plaintiff alleges he was entitled to receive under the terms of relator's self-insured disability plan. In Count II of that petition, plaintiff sought a money judgment for damages for relator's alleged vexatious refusal to pay disability benefits.

On December 13, 1988, plaintiff sought leave to file an amended petition in three counts. A proposed amended petition was submitted with that motion. Count I of the amended petition pleaded the same cause of action as was pleaded in Count I of the original petition, although it sought compensation for a longer period of disability. Count II in the amended petition was unchanged. Count III alleged that plaintiff was eligible to receive benefits for medical care by reason of the terms of a comprehensive medical plan maintained by relator for its employees, but that upon plaintiff's filing an application to receive those benefits, relator refused payment. Plaintiff sought a money judgment in Count III for medical expenses he had allegedly incurred.

On January 18, 1989, the trial court granted leave to file the amended petition. Thereafter, on January 22, 1990, the following docket entry was made:

On dismissal docket. Plaintiff appears by Atty. Phil Metz. If case is not tried by April 1, 1990 case will be dismissed for failure to prosecute. b.a.f. L.T.E.

That docket entry was followed with another on April 3, 1990, stating:

In accordance with the entries of Jan 27, 1988 [1] and Jan 22, 1990, case is dismissed for failure to prosecute at cost of Pl. L.T.E.

On June 20, 1990, plaintiff filed a new case, *Ron Keough v. Vicker's, Inc.*, number CV190–744CC, also in the Circuit Court of Jasper County. The petition in case number CV190–744CC was in three counts. It pleaded the same causes of action as were pleaded in the amended petition that plaintiff had filed in case number CV186–630CC. Relator filed its motion to dismiss in case number CV190–744CC alleging:

Said petition is barred by the doctrine of res judicata in that an action previously filed by plaintiff against defendant [relator] and alleging the same cause of action was dismissed on April 3, 1990, for failure to prosecute.

The respondent judge overruled relator's motion to dismiss. Relator then proceeded in prohibition before this court seeking to prohibit the respondent judge from proceeding further with case number CV190–744CC.

Relator contends that the trial court's order dismissing the causes of action that were pending in case number CV186–630CC was with prejudice and is, therefore, res judicata as to the causes of action pleaded by plaintiff in case number CV190–744CC. Relator points to Rule 67.03 as the basis for its claim that the involuntary dismissal of the first case by the trial court was with prejudice.

Rule 67.03 states:

A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party. Any voluntary dismissal other than one which the party is entitled to take without prejudice, and any involuntary dismissal other than one for lack of

---

1. A docket entry dated January 27, 1988, stated: Pl does not appear. Def appears by Atty Bob Bradley. If case is not tried by Oct 1, 1988, it will be dismissed for failure to prosecute. L.T.E.

jurisdiction, for prematurity of action, for improper venue or for failure to substitute a party for a decedent shall be with prejudice unless the court in its order for dismissal shall otherwise specify.

■ Applying Rule 67.03 to the facts now before this court—case number CV186–630CC, the first case filed by plaintiff, was dismissed for failure to prosecute. The dismissal was involuntary. The court did not specify that the dismissal was without prejudice. By the terms of Rule 67.03, the dismissal would be with prejudice.

■ Respondent contends, however, that the dismissal of case number CV186–630CC occurred under circumstances in which plaintiff was not given reasonable notice nor an opportunity to be heard. Respondent argues that, under these circumstances, the dismissal of case number CV186–630CC denied plaintiff procedural due process and, notwithstanding Rule 67.-03, the dismissal was without prejudice. He cites the following cases: *Valter v. Orchard Farm School Dist.*, 541 S.W.2d 550, 557 (Mo.1976); *State ex rel. Wells v. Mayfield*, 365 Mo. 238, 281 S.W.2d 9 (1955); *Laubinger v. Mo. State Hwy. Comm'n*, 726 S.W.2d 355 (Mo.App.1987); and *W.M. Crysler Co. v. Smith*, 377 S.W.2d 134 (Mo. App.1964). These cases stand for the proposition that, in order for there to be procedural due process, notice and an opportunity to be heard must be given to parties who will be affected by a contemplated ruling. *Valter v. Orchard Farm School Dist.*, supra; *State ex rel. Wells v. Mayfield*, supra, 281 S.W.2d at 11; *Laubinger v. Mo. State Hwy. Comm'n*, supra, at 356; and *W.M. Crysler Co. v. Smith*, supra, at 138. Of those cases, only *Laubinger* and *W.M. Crysler Co.* involve facts similar to those in the case now before this court.

In *Laubinger* a letter was sent March 24, 1981, signed by the circuit judge before whom the case was pending, advising the plaintiff in the case that there had been no activity in the case for at least twelve months and, unless further actions were taken in the case by April 20, 1981, the case would be dismissed for lack of prose-cution. The case was originally filed January 31, 1975. The letter was sent to the most current address of plaintiff in the court file. On May 15, 1981, the case was dismissed "for want of prosecution." A motion to reinstate the case was denied.

In *Laubinger* the same cause of action that was dismissed May 15, 1981, was filed again on February 23, 1982. The defendant in the case, Missouri State Highway Commission, moved to dismiss. On January 16, 1986, the trial court dismissed the case "because it was 'barred by the statute of limitations and res judicata.'" *Laubinger, supra,* at 356. The plaintiff appealed the dismissal of the second case arguing "that the dismissal of the first case should not operate as an adjudication of the merits because plaintiff did not have reasonable notice and opportunity to be heard prior to the dismissal." *Id.* at 356–57. He claimed that he had not received the letter that was sent notifying him that the first case would be dismissed unless further action was taken by April 20, 1981. He testified that his correct address was Route 1, Leslie, Missouri 63056. The clerk of the circuit court testified that the letter to plaintiff "was mailed, in a properly addressed and stamped envelope, to the most recent address for plaintiff contained in the court file, which was Leslie, Missouri 63056." *Id.* at 357. The court, citing *W.M. Crysler Co. v. Smith,* supra, at 139, stated, "The test for sufficient notice to satisfy due process is notice reasonably calculated to apprise the plaintiff of the proposed dismissal and to afford a reasonable opportunity to object." *Laubinger* held:

> The trial court did not err by granting the motion to dismiss. It could reasonably have found that the first dismissal was entered after notice and a reasonable opportunity to object, and operated as a dismissal with prejudice.

*Laubinger, supra,* at 357.

In *W.M. Crysler Co.* an action filed in 1963 had been dismissed by the trial court for res judicata. The res judicata determination was based upon a 1962 dismissal of a prior identical action "for failure to prosecute." The first case had been filed No-

vember 18, 1960. An alternative motion to dismiss or to make more definite and certain was filed December 27, 1960. No further action was taken until May 14, 1962, when the trial court made the entry: "Now on this day, cause dismissed for failure to prosecute." *W.M. Crysler Co., supra,* at 135. There was no record that any notice of the trial court's contemplated action had been given before the order of dismissal was entered. *Id.* at 136. A copy of the order was sent to the attorneys of record in the case on May 17, 1962. On appeal the court determined that the dismissal of the action on May 14, 1962, was not with prejudice because no prior notice of the proposed court action nor opportunity to be heard with respect to it was given. The dismissal of the first action did not bar the prosecution of the subsequent action. *Id.* at 140.

In this case the trial court in case number CV186–630CC announced on January 22, 1990, that the case would be dismissed for failure to prosecute if it was not tried by April 1, 1990. As pointed out by relator's brief, "The docket sheet reflects (and the plaintiff's counsel does not deny) that counsel for plaintiff was present at the hearing." [2] The "hearing" was the occasion when the January 22, 1990, docket entry was made: "On dismissal docket. Plaintiff appears by Atty. Phil Metz. If case is not tried by April 1, 1990 case will be dismissed for failure to prosecute." Plaintiff, his counsel being present, had the opportunity to address the proposed dismissal at that time. He also had additional opportunities to address the proposed dismissal after January 22, 1990, and before the case was finally dismissed on April 3, 1990. Plaintiff had ample notice and opportunity to have filed an appropriate motion to remove the case from the dismissal docket and to have presented such a motion to the trial court prior to April 1, 1990, the date projected as the anticipated dismissal date if the case remained untried. The record before this court reveals no such motion as having been filed nor the making of any request for trial. The trial court

gave plaintiff sufficient notice and opportunity to be heard before dismissing case number CV186–630CC for failure to prosecute. Plaintiff was afforded due process of law in that he received adequate notice to apprise him of the proposed dismissal and to afford him an opportunity to object. *Laubinger, supra,* at 357; *W.M. Crysler Co., supra,* at 139.

Respondent nevertheless asserts additional argument in support of the position that the dismissal of plaintiff's first case was not with prejudice.

Respondent contends that the docket entries that resulted in the dismissal of case number CV186–630CC "were void because they did not make a finding that the delay was unnecessary and review of the docket sheet does not give sufficient evidence to support said finding," citing only *Vonder Haar Concrete Co. v. Edwards–Parker, Inc.,* 561 S.W.2d 134 (Mo.App.1978). *Vonder Haar* does not support respondent's position. It is neither factually similar to the case now before this court nor does it present the same legal issue. *Vonder Haar* addresses specific statutes that pertain to actions to perfect mechanic's liens, §§ 429.170, 429.310, RSMo 1969. This case does not involve an action to perfect a mechanic's lien. *Vonder Haar* is of no help to respondent, and respondent's assertion that the docket entries that resulted in the dismissal of case number CV186–630CC were void is denied.

■ Respondent next contends that the April 3, 1990, order dismissing case number CV186–630CC was void "because the case was being actively pursued at the time of dismissal and therefore the court lacked the jurisdiction to dismiss the case." As stated in *City of Jefferson v. Capital City Oil Co.,* 286 S.W.2d 65, 68 (Mo.App.1956):

The general rule is that courts have the inherent power, in the exercise of a sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and that the action thereon will

---

**2.** The attorney appearing for respondent in this case was shown as counsel for plaintiff in the

action dismissed by the trial court.

not be disturbed on appeal unless such discretion was abused.

*See also Laurie v. Ezard,* 595 S.W.2d 336, 337 (Mo.App.1980); and *Vonder Haar Concrete Co. v. Edwards–Parker, Inc., supra,* at 137. Although the dismissal of case number CV186–630CC was appealable, it was not appealed. *See Laurie v. Ezard, supra,* and *State ex rel. Hwy. Comm'n v. Graeler,* 495 S.W.2d 741 (Mo.App.1973). The dismissal of case number CV186–630CC may not now be collaterally attacked for purposes of permitting the same causes of action to be pursued by the same parties in a newly filed case, number CV190–744CC. *See Bindley v. Metropolitan Life Ins. Co.,* 358 Mo. 31, 213 S.W.2d 387, 390 (1948). Respondent's argument that the April 3, 1990, dismissal was void because case number CV186–630CC was being actively pursued at the time of the dismissal fails. That point is denied.

Respondent next argues that the clerk of the court in which plaintiff's actions against relator were pending did not notify plaintiff of the dismissal. Respondent contends that such lack of notification violated plaintiff's right to procedural due process. Respondent claims, for that reason, that the dismissal of CV186–630CC was without prejudice. Respondent bases this argument on Rule 74.03. That rule provides:

> Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 [3] upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment.

■ Respondent correctly points out that the record before this court does not disclose that the clerk served notice upon plaintiff "of the entry by mail in the man-

ner provided for in Rule 43.01" whereby the trial court dismissed case number CV186–630CC. The purpose of Rule 74.03, however, is to afford parties time in which to challenge judgments or orders of which they were otherwise unaware. Although the rule directs the clerk to serve notice of the entry of an order or judgment, it provides a remedy in the event that notice is not given. It permits the filing of a motion to set aside the order or judgment within six months next following its entry. In this case, plaintiff had knowledge of the dismissal of case number CV186–630CC in sufficient time to have requested relief under Rule 74.03, but he did not do so. In the context of these facts, plaintiff was not prejudiced by the fact that the notice that Rule 74.03 directs the clerk to give was not given. Plaintiff's problem is not an irregularity contemplated by the limited scope of Rule 74.03. See *Fischer, Spuhl, Herzwurm & Associates, Inc. v. Forrest T. Jones and Co., Inc.,* 750 S.W.2d 457, 460–61 (Mo.App.1988), for a discussion of the language now found in Rule 74.03 that was previously Rule 74.78 (repealed effective January 1, 1988). Respondent's complaint that he did not receive the notice required by Rule 74.03 and that he was thereby denied procedural due process is denied.

■ Respondent's final complaint is that there was no "final judgment" in case number CV186–630CC because the April 3, 1990, docket entry "was never transmogrified into a final decree." Since the motion filed by relator in case number CV190–744CC alleges that the petition in that case "is barred by the doctrine of res judicata" respondent argues that the disposition in the first case must have been reduced to a formal judgment in order for that disposition to preclude plaintiff's proceeding in the later suit. He apparently makes this argument only because plaintiff used the term "res judicata" in the motion that was filed. The term "res judicata" and the applicability of Rule 67.03 were discussed

---

**3.** The language of Rule 43.01 is of no import to respondent's argument. That rule prescribes the proper manner of mailing notice or serving process and specifies to whom such notices or processes must be sent.

in *State ex rel. Willens v. Gray*, 757 S.W.2d 656 (Mo.App.1988), as follows:

> The parties disagree over whether or not the [second] suit is barred by principles of res judicata because the first suit was not terminated after an adjudication on the merits. This question was settled by an amendment to Rule 67.03 following the decision in *Denny v. Mathieu*, 452 S.W.2d 114 (Mo. banc 1970). At the time *Denny* was decided, Rule 67.03 provided that a dismissal with prejudice operates as an adjudication upon the merits. In *Denny*, the court held that a dismissal with prejudice did not operate as an adjudication on the merits but that in reality the rule served only as a mechanism to terminate litigation. *Id.* at 119[4]. Following *Denny*, Rule 67.03 was amended, effective September 1, 1973, to provide that a dismissal with prejudice bars the assertion of the same cause of action or claim against the same party. Thus, the subsequent suit is barred by the provisions of the rule and not by application of res judicata. It is therefore not necessary to consider the older cases that discuss the bar of a subsequent suit by application of the doctrine of res judicata.

Or, stated otherwise, the inclusion of the language in Rule 67.03 that provides that a dismissal with prejudice bars the assertion of the same cause of action or claim against the same party extends res judicata principles to cases dismissed with prejudice.

As pointed out in *Willens*, Rule 67.03, by its plain language, provides "a dismissal with prejudice bars the . . . same cause of action or claim against the same party." The Western District of this court chose to describe the result of this language as: "[T]he subsequent suit is barred by the provisions of the rule and not by application of res judicata." It is unnecessary to launch upon similar theorizing in order to apply Rule 67.03 in this case. Here, the first suit (CV186–630CC) was dismissed for failure to prosecute. That was an involuntary dismissal. The court did not specify that the dismissal was without prejudice. Having determined, *supra*, that the dismissal did not violate plaintiff's due process rights, it was subject to the directive in Rule 67.03 that such a dismissal "shall be with prejudice." The dismissal of case number CV186–630CC thereby barred the assertion of the same causes of action or claims—the ones set forth in case number CV190–744CC—against relator. Relator's motion in case number CV190–744CC asserted "[s]aid petition is barred by the doctrine of res judicata in that an action previously filed by plaintiff against defendant [relator] and alleging the same cause of action was dismissed on April 3, 1990, for failure to prosecute." Whether or not the April 3, 1990, docket entry was "transmogrified into a final decree" is meaningless. Respondent's final point is denied.

Rule 67.03 bars the assertion of the causes of action set forth in case number CV190–744CC. Prohibition is an appropriate remedy for failure to grant a motion to dismiss under those circumstances. *State ex rel. Hamilton v. Dalton*, 652 S.W.2d 237, 239 (Mo.App.1983).

The preliminary order in prohibition is made absolute. Respondent judge is prohibited from proceeding further in *Ron Keough v. Vicker's, Inc.*, case number CV190–744CC, Circuit Court of Jasper County, Missouri, other than to enter an order, consistent with this opinion, sustaining relator's motion to dismiss for the reason that plaintiff is barred from asserting the causes of action set forth therein against the relator in this case.

FLANIGAN, C.J., and SHRUM, J., concur.