James **WARREN**, Appellant,

v.

**ASSOCIATED FARMERS, INC., and Purina Mills, Inc., Respondents.**

**No. 17557.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 7, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 1992.

Application to Transfer Denied
April 21, 1992.

Jack Hoke, Hoke & Miller, Springfield, for appellant.

William L. Mauck, William W. Kirchoff, Yates, Mauck, Bohrer, Eliff, Croessmann and Wieland, P.C., Springfield, for respondents.

MONTGOMERY, Judge.

Plaintiff appeals from an order of the trial court entered April 16, 1991, dismissing this action "as res judicata." Plaintiff contends the trial court abused its discretion in entering the dismissal. We disagree.

On June 2, 1988, Plaintiff filed an action against Purina Mills, Inc. and Associated Farmers, Inc. (hereafter called Defendants). Plaintiff sought damage for injury to his dairy herd caused by defective feed sold to him by Defendants. The case number assigned to this action was CV988–102CC. By July 29, 1988, both Defendants had filed answers. The docket entry of May 16, 1989, reflects "[case] assigned inactive docket." The next three docket entries are:

10–1–90  Case dismissed as per local rule, inactive case.

1–17–91  Motion to set aside dismissal and notice for 2–19–91 (filed by Pltf).

2–19–91  Motion denied.

Plaintiff's motion to set aside the dismissal alleged, in pertinent part, (a) while the case was on the inactive docket, the parties were engaged in extensive discovery, (b) Plaintiff's attorney was unaware of the local rule which placed the case on the inactive docket and automatically dismissed the case within a certain time period thereafter, (c) had Plaintiff's counsel been aware of this rule he would have requested removal from the inactive docket as discovery was taking place, (d) Civil Rule 74.06 allows the court to set aside its order of dismissal within one year after the order was entered and to reinstate the case, (e) no prejudice would result to the parties since each side has continued to prepare a complex and complicated case for trial, and (f) the order of dismissal was entered as a result of mistake and inadvertence of Plaintiff's counsel and the lack of understanding of court rules. After this motion was denied on February 19, 1991, Plaintiff did not appeal.

Nothing in the record indicates Plaintiff was notified by the court the case had been placed on the inactive docket, that the case was about to be dismissed, or the case had been dismissed. Plaintiff's attorney learned of the dismissal in January of 1991 through his efforts to file additional pleadings.

On March 6, 1991, Plaintiff filed an identical petition to the one dismissed by the court on October 1, 1990. The second case was given Case No. CV991–50CC. Defendants filed a Motion to Dismiss or for Judgment on the Pleadings. The trial court sustained Defendants' motion on April 16, 1991, making this docket entry: "Motion to dismiss· as res judicata sustained."

On May 1, 1991, Plaintiff filed his Motion for Rehearing Defendant's Motion to Dismiss. Plaintiff alleged, most emphatically, the dismissal of Case No. CV988–102CC was without prejudice. He alleged, in part:

Although the docket sheet in Case Number CV988–102CC does not state whether the dismissal was with or without prejudice it was stated by the Court in open court at the hearing January 17, 1991,[1] on Plaintiff's Motion to Set Aside Dismissal that although the Court would not set aside the dismissal and reinstate the case that Plaintiff should and could go ahead and refile the case thereby stating and indicating the Court's position that the dismissal was without prejudice. If the Court had intended and believed the dismissal to be with prejudice it would not have indicated to Plaintiff's counsel that the case could merely be refiled. Additionally, during the hearing April 16, 1991 and once again in open court the Court indicated that it had been the Court's previous understanding and opinion that dismissals from the inactive docket for failure to prosecute were without prejudice.

---

1. The docket sheet in Case No. CV988–102CC indicates the hearing date was February 19, 1991.

The trial court later overruled Plaintiff's motion for rehearing. We note the same trial judge heard all motions in Case No. CV988–102CC and the present case.

The record before us consists of the legal file containing the docket sheet, motion to set aside dismissal, and Petition for Damages in Case No. CV988–102CC. It contains the docket sheet and pleadings in the present case with the court's letter denying Plaintiff's motion for rehearing and Notice of Appeal.

Defendants supplemented the legal file supplied by Plaintiff.[2] The supplemental legal file consists only of a letter from the circuit clerk dated May 17, 1989, regarding Case No. CV988–102CC. The letter announces the case was assigned to the inactive docket pursuant to Rule 14 of the local court rules, which reads as follows:

> Any case that is not being actively prosecuted may be placed on the inactive docket. Any case on the inactive docket may be dismissed after 12 months thereon. The Clerk will notify counsel if a case is placed on the inactive docket. Cases on the inactive docket will not be printed.

The last name of counsel for Plaintiff and Defendants is shown in the lower left corner of the letter, apparently indicating a copy was mailed to each. The circuit clerk certifies this letter is a correct copy from the circuit court's file in Case No. CV988–102CC. There is no evidence in the record to show this letter was mailed, the date it was mailed, or to whom it was mailed or addressed. More importantly, there is no evidence in the record that Plaintiff's counsel received a copy of the letter. "Appellate review presupposes a record and evidence from which the appellate court can perform the review with some degree of confidence in the reasonableness, fairness and accuracy of the final decision." *Strunk v. Hahn,* 797 S.W.2d 536, 550 (Mo. App.1990). Simply because the letter of May 17, 1989, was found in the court file in Case No. CV988–102CC provides no evidence for us to determine that Plaintiff received notice that his case was placed on the inactive docket.

No transcript containing any evidentiary matters, statements of counsel or the trial court has been provided. "It is the duty of an appellant to furnish a transcript containing a record of proceedings which he desires to have reviewed. In the absence of such record there is nothing for the appellate court to decide." *Cooper v. General Standard, Inc.,* 674 S.W.2d 117, 122 (Mo. App.1984). Rule 81.12(c).[3]

Plaintiff contends dismissal of the present case was erroneous since (a) Case No. CV988–102CC was dismissed without prejudice (even though the docket entry did not so state) because Plaintiff was denied due process of law for lack of notice and opportunity for hearing, and (b) the circuit clerk failed to give Plaintiff the required notice in Case No. CV988–102CC mandated by Rule 74.03.

Defendants counter with the position that Case No. CV988–102CC was dismissed with prejudice by virtue of Rule 67.03 which reads:

> A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party. Any voluntary dismissal other than one which the party is entitled to take without prejudice, and any involuntary dismissal other than one for lack of jurisdiction, for prematurity of action, for improper venue or for failure to substitute a party for a decedent shall be with prejudice unless the court in its order for dismissal shall otherwise specify.

By the plain terms of Rule 67.03, Plaintiff's first case (CV988–102CC) was dismissed with prejudice. It was dismissed for failure to prosecute, making the dismis-

---

**2.** Under Rule 81.12(c), if the respondent is dissatisfied with the record on appeal, respondent may supplement the record with additional necessary portions within the time for filing respondent's brief.

**3.** All rule references are to Missouri Rules of Court (1991) unless otherwise indicated.

sal involuntary, and the court did not specify the dismissal was without prejudice.

■ Plaintiff argues the dismissal of the first case occurred only because he was not given reasonable notice nor an opportunity to be heard. Under these circumstances Plaintiff believes he was denied procedural due process and, regardless of Rule 67.03, the dismissal was without prejudice. To support this position he relies on *W.M. Crysler Co. v. Smith*, 377 S.W.2d 134 (Mo. App.1964); *Gladden v. Kansas City*, 411 S.W.2d 228 (Mo.1967); *Hoppe v. St. Louis Public Service Co.*, 361 Mo. 402, 235 S.W.2d 347 (banc 1950); *Matter of Buford*, 577 S.W.2d 809 (Mo. banc 1979); and *State ex rel. Vicker's, Inc. v. Teel*, 806 S.W.2d 113 (Mo.App.1991).

None of the cases are factually similar to the case here except *Vicker's*, which is later discussed. The distinguishing feature of the present case from those cited above is Plaintiff's timely motion to set aside the dismissal in Case No. CV988–102CC. In that motion Plaintiff alleged lack of knowledge of local court rules regarding dismissal of inactive cases and, by implication, lack of notice and opportunity to be heard on the dismissal. In none of the cases cited by Plaintiff did the trial court erroneously or otherwise deny a timely motion to set aside a dismissal for failure to prosecute.

■ A dismissal with prejudice for failure to prosecute is an appealable order. *Vicker's* at 117; *Ritter v. Aetna Cas. & Sur. Co.*, 686 S.W.2d 563, 565 (Mo.App. 1985). Likewise, denial of Plaintiff's motion to set aside the dismissal is appealable even if the motion was filed more than thirty days after the date of dismissal. *Brown v. General Motors Assembly Div.*, 695 S.W.2d 501, 502 (Mo.App.1985). There

the Court held that Rule 74.78 (now Rule 74.03) gives a court jurisdiction to set aside a judgment within six months from entry not withstanding the general provisions of Rule 75.01.[4]

Plaintiff's motion to set aside the dismissal made allegations which raised the issue of good cause for relief under Rule 74.03.[5] Plaintiff further requested relief under Rule 74.06. His motion was filed January 17, 1991, and at that time Plaintiff had an appropriate remedy to correct any procedural due process denied him. Whether the trial court correctly denied the motion on February 19, 1991, we do not now decide.

Plaintiff determined not to appeal from the denial of his motion. The record is barren of any evidence to support Plaintiff's reason for his lack of appeal in Case No. CV988–102CC. Plaintiff's attorney represents in his brief that no appeal was taken because the trial judge stated on February 19, 1991, that dismissal from the inactive docket for failure to prosecute was without prejudice and the case could be refiled. As we stated in *In re Redemption Proceeding by Hokanson*, 706 S.W.2d 559, 560 (Mo.App.1986), "We do not doubt counsel's representations, nor do we entertain any thought that counsel for the appellant is trying to mislead this court, but we do feel obliged to say once again that we cannot accept counsel's statements as a substitute for record proof...."

With the record before us, Case No. CV988–102CC was dismissed for failure to prosecute under circumstances appearing to deny Plaintiff procedural due process. Yet, Plaintiff gained full knowledge of the dismissal well within six months from date of dismissal. Within the six-month time period he vigorously attacked the dismissal

---

**4.** Rule 75.01 reads, in part: "The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time."

**5.** Rule 74.03 states: "Immediately upon the entry of an order or judgment, the clerk shall

serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment."

upon grounds which, if proved, could have provided full and adequate relief. Denial of Plaintiff's motion to set aside the dismissal brought no appeal. Plaintiff's appeal would have determined whether his case was wrongfully dismissed for failure to prosecute.

Now, Plaintiff collaterally attacks, on due process grounds, the dismissal of Case No. CV988–102CC for the purpose of permitting the same cause of action to be pursued by the same parties in a newly filed case. In *Bindley v. Metropolitan Life Ins. Co.*, 358 Mo. 31, 213 S.W.2d 387, 390 (1948), the Court said: "[T]he allegation that the 'court was without jurisdiction' to enter the judgment must be disregarded as the judgment of dismissal is not subject to collateral attack." See *Vicker's*, 806 S.W.2d at 117. Because Plaintiff had full opportunity to litigate the alleged wrongful dismissal of his petition in Case No. CV988–102CC, he may not now collaterally attack that judgment.

We find the decision in *Vicker's* persuasive. There, plaintiff's attorney was advised on January 22, 1990, the case would be dismissed for failure to prosecute if not tried by April 1, 1990. On April 3, 1990, the case was dismissed for failure to prosecute with no further notice to plaintiff nor opportunity to be heard. Plaintiff later refiled the same cause of action. Defendant's motion to dismiss the second action on the grounds of "res judicata" was denied, and a proceeding for prohibition followed. Plaintiff contended he was denied procedural due process and, notwithstanding Rule 67.03, the dismissal was without prejudice. We determined plaintiff had the opportunity to address the proposed dismissal on January 22, 1990, and before April 3, 1990. Plaintiff could have filed a motion to remove the case from the dismissal docket, yet he took no action. We concluded, "Plaintiff was afforded due process of law in that he received adequate notice to apprise him of the proposed dismissal and to afford him an opportunity to object." *Id.* at 116, citing *Laubinger v. Mo. State Hwy. Comm'n*, 726 S.W.2d 355, 357 (Mo.App. 1987), and *W.M. Crysler Co.*, 377 S.W.2d at 139.

Here, Plaintiff was afforded due process of law because he received notice of the dismissal in sufficient time to file an appropriate motion under Rule 74.03 and Rule 74.06. "The purpose of Rule 74.03, however, is to afford parties time in which to challenge judgments or orders of which they were otherwise unaware." See *Vicker's*, 806 S.W.2d at 117. The hearing of his motion afforded him an opportunity to object to any irregularity in the dismissal for failure to prosecute. The dismissal of Case No. CV988–102CC created no prejudice to Plaintiff until his motion to set aside the dismissal was denied and unappealed. At that point Plaintiff created his own destiny by choosing to refile his petition rather than appeal. Plaintiff's first point is denied.

Plaintiff's final complaint is the trial court erred in dismissing the present case because failure of the clerk to give the notice required by Rule 74.03 mandated setting aside the order of dismissal in Case No. CV988–102CC. Plaintiff contends he did not appeal because the trial court represented the dismissal was without prejudice and, therefore, he has been denied due process and his opportunity for trial on the merits.

Rule 74.03 does provide that the clerk shall give proper notice of the entry of a default judgment to Plaintiff under the circumstances in this case. The record shows no notice was given to Plaintiff as required by this rule. However, lack of notice to Plaintiff had no prejudicial effect because he discovered the judgment within six months of its rendition. He filed a motion to set aside the judgment just as if he had received the required notice. In *McDonald County Mercantile Bank v. Harp*, 779 S.W.2d 21, 24 (Mo.App.1989), we held that when a party's attorney has knowledge that a judgment has been entered, "failure to receive notice of entry of the judgment from the court clerk per former Rule 74.78 [now Rule 74.03] did not deprive him of any knowledge the notice would have imparted, as he already possessed that information." See *Vicker's*, 806 S.W.2d at 117.

Finally, we have previously indicated the record reveals no evidence concerning statements of the trial court. For that reason review is limited to evidence properly before us. *Hokanson,* 706 S.W.2d at 560. We have earlier said Plaintiff may not collaterally attack the judgment in Case No. CV988–102CC. Therefore, we do not reach the issue in this point based on Plaintiff's reliance on statements of the trial court.

Judgment affirmed.

FLANIGAN, C.J., and MAUS, J., concur.