Ruby Louise **GIBSON**, Respondent,

v.

Hubert E. **WHITE**, Jr., Appellant.

No. WD 49676.

Missouri Court of Appeals,
Western District.

May 23, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 1995.

Application to Transfer Denied
Sept. 19, 1995.

Lance A. Riddle, Warrensburg, for appellant.

Charles Michael Fitzgerald, Warrensburg, for respondent.

Before HANNA, P.J., and
LOWENSTEIN and SPINDEN, JJ.

HANNA, Presiding Judge.

Defendant, Hubert E. White, Jr., appeals from the order of the trial court granting plaintiff's motion to reinstate a wrongful death action which had been dismissed for lack of prosecution.

On June 15, 1988, Ruby Gibson's husband was killed when the car he was driving was struck head on by a vehicle driven by Hubert White. As a result of the accident, Gibson filed two wrongful death lawsuits. The first suit (Case No. CV489–7CC) was filed in January 1989, against White. The second suit (Case No. CV491–363CC) was filed in June 1991, against Timothy Owens and Patricia Owens.[1] On August 12, 1991, the trial court issued an order dismissing Case No. CV489–7CC for failure to prosecute. Gibson immediately filed a Motion for Reinstatement, which the trial court sustained within the thirty-day time period during which trial courts have control over their judgments. Rule 75.01. In the court's reinstatement or-

1. These defendants were in a third vehicle involved in the accident.

der, it ordered that the case be tried, settled or dismissed within sixty days.

Gibson filed a motion to consolidate the two cases and on September 23, 1991, the trial court sustained the motion and consolidated the cases "for all purposes." At the top of each docket sheet the court made an entry that the cases were consolidated. In May 1992, Gibson settled her wrongful death claim against Timothy and Patricia Owens. There was a court hearing to approve the settlement and the parties filed a stipulation of dismissal requesting that the cause of action be dismissed with prejudice.

On June 14, 1993, the trial court dismissed Case No. CV491–363CC for failure to prosecute. This order had the effect of dismissing the consolidated case filed against defendant White (CV489–7CC). No appeal was taken from the dismissal order. On March 29, 1994, Gibson filed a motion to reinstate the case against defendant White. On May 11, 1994, Gibson filed an "Amended Motion to Reinstate or in the Alternative to Order that Case Number CV489–7CC Was Not Dismissed," based on Rule 74.06(b), claiming mistake, inadvertence and excusable neglect by her attorney. On June 16, 1994, the court sustained Gibson's motion to reinstate. White appeals.

White presents three points on appeal, the first of which is dispositive. In that point, White contends the trial court erred in granting Gibson's motion to reinstate because the trial court was without jurisdiction to grant relief pursuant to Rule 74.06(b). He argues that the judgment which was set aside did not result from "mistake, inadvertence, surprise or excusable neglect."

■ Supreme Court Rules 74.05, 74.06, and 75.01 each provide a procedural means for setting aside judgments, with each rule having its own standard for relief. *Cotleur v. Danziger*, 870 S.W.2d 234, 236 (Mo. banc 1994). Of the three, Rule 74.06 requires the highest standard for setting aside a judgment, giving effect to the interests in stability of final judgments and precedent. *Id.*

■ "Under Rule 74.06 a trial court has jurisdiction to entertain requests for relief from judgments and orders even after the 30–day period described in Rule 75.01." *Cozart v. Mazda Distribs. (Gulf), Inc.*, 861 S.W.2d 347, 352 (Mo.App.1993). However, the trial court is afforded broad discretion when acting on a Rule 74.06 motion. *Jeffries v. Jeffries*, 840 S.W.2d 291, 293 (Mo.App. 1992). An appellate court should not interfere unless the record convincingly indicates an abuse of discretion. *Id.*

Rule 74.06(b) sets forth the circumstances under which a party may obtain relief from a judgment after it has become final. *Higgins v. Director of Revenue*, 778 S.W.2d 24, 26 (Mo.App.1989). Rule 74.06(b)(1) allows relief when a judgment is the result of "mistake, inadvertence, surprise or excusable neglect." *Burns v. Director of Revenue*, 784 S.W.2d 918, 920 (Mo.App.1990). In this case, Gibson sought relief under Rule 74.06(b)(1) because of the mistake, inadvertence, or excusable neglect of her attorney in failing to recognize the effect of the June 14, 1993 dismissal order.[2]

The dispositive issue here is whether the attorney's failure to understand the legal effect of the dismissal order constituted grounds under Rule 74.06(b)(1) to set aside the order and reinstate the wrongful death action. Gibson claims that her attorney had "no way of knowing" that the White case had been dismissed or that the consolidated cases had not been severed after the Owens settlement in May 1992. She asserts that her attorney "inadvertently" failed to ask the court to sever the consolidated cases. Gibson cites no authority to support her contention that the trial court had jurisdiction to reinstate her action under Rule 74.06(b)(1).

■ A lawyer has a duty to know what is going on in his case, and he must vigilantly follow its progress. *Sprung v. Negwer Materials, Inc.*, 775 S.W.2d 97, 100 (Mo. banc 1989). "[E]quity will not relieve against mistake when the party complaining had within his reach the means of ascertaining the true state of facts, and, without inducement by the other party, neglects to avail himself of his

---

**2.** Gibson did not allege surprise in her motion and, therefore, that issue will not be addressed.

opportunities of information." *Cozart,* 861 S.W.2d at 353 (*quoting S.G. Payne & Co. v. Nowak,* 465 S.W.2d 17, 20 (Mo.App.1971)).

■ Failure to realize the legal effect of a court order is a mistake of law. A mistake of law does not constitute grounds to set aside a judgment under Rule 74.06(b). *See id.* at 352. We also note that since the alleged mistake occurred after the entry of the dismissal order, it cannot now be argued that the dismissal "resulted" from such a mistake.

Rule 74.06(b)(1) does not define excusable neglect, nor do the cases provide a clear definition of the term. Black's Law Dictionary 566 (6th ed. 1990) defines "excusable neglect" as:

[F]ailure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party.

While each case is to be considered on its own facts, "courts have consistently held that circumstances involving the human element of forgetfulness do not constitute excusable neglect." *Burris v. Terminal R.R. Ass'n,* 835 S.W.2d 535, 539 (Mo.App.1992). In *Burris,* the plaintiffs filed a Rule 74.06(b) motion seeking to vacate a dismissal order which was entered after their attorney failed to comply with court-ordered discovery. The plaintiffs sought a hearing to show that their attorney's conduct constituted excusable neglect because he was distracted by other events, i.e., complex ongoing litigation, a dispute with his associate and a criminal prosecution against him. *Id.* In denying the plaintiffs' motion for relief, the court found these allegations insufficient to constitute excusable neglect. *Id.*

"[A]ctions of a party's attorney, including procedural neglect that precludes a client's substantive rights, are imputed to the client." *Cotleur,* 870 S.W.2d at 238. In *Cotleur,* the appellant's attorney claimed that he had failed to appear at a scheduled court hearing because he was out of town and had purportedly asked another lawyer to appear on his client's behalf to obtain a continuance. The trial court found no excusable neglect. *Id.* at 236. On appeal, the Missouri Supreme Court affirmed the trial court's decision and found that the attorney's "inexcusable neglect" was imputable to his client. *Id.* at 239.

In *Warren v. Associated Farmers, Inc.,* 825 S.W.2d 901 (Mo.App.1992), the plaintiff filed a motion to set aside a dismissal after his case was dismissed for lack of prosecution pursuant to local rules. In his motion, the plaintiff sought relief pursuant to Rule 74.06, alleging that the dismissal order was the result of his attorney's mistake and inadvertence because he was unaware of the local rules regarding automatic dismissal of inactive cases. *Id.* at 902. The plaintiff's motion to set aside the dismissal was subsequently denied. *Id.*

In the instant case, arguments were heard on the motion in May and June of 1994. The only evidence presented by Gibson at the hearing was her attorney's statements to the court. Gibson's attorney told the court that he did not realize that his client's case had been dismissed by the June 14, 1993 dismissal order. He also stated that he should have looked at the file after receiving the dismissal order, but failed to do so. There was no evidence presented to show that the dismissal order *resulted* from the attorney's mistake, inadvertence or excusable neglect.

Gibson's claim that her attorney had no way of knowing that the White case would be dismissed is refuted by the record. The case had already been dismissed for lack of prosecution in August 1991. When the court reinstated the case, Gibson was informed that she would have to try, settle or dismiss the case within sixty days. The cases were subsequently consolidated at Gibson's request "for all purposes." She had a continuing duty to vigilantly monitor the progress of each case, especially in view of the fact that the White case had been dismissed once before for failure to prosecute. Even after counsel received a copy of the second dismissal order, he took no steps to ascertain the status of the White case or to appeal the order.

Gibson attributes her attorney's failure to realize the effect of the dismissal order to the "confusing nature" of the litigation and the "multiple consolidations" of other pending cases resulting from the accident. The record shows, however, that it was Gibson who requested the consolidation of the two wrongful death actions. Counsel was well aware that these cases had been consolidated under Case No. CV491–363CC. Further, there are no docket entries or orders to support Gibson's assertion that any other pending cases were consolidated with the wrongful death suits. In any event, counsel waited nine and one-half months after being notified of the dismissal before filing a motion for relief.

Gibson has presented no substantial evidence to establish that the dismissal resulted from mistake, inadvertence or excusable neglect. The record clearly reflects that the case was dismissed for lack of prosecution because of the absence of activity in the case for more than one year. Since there is no competent evidence to constitute grounds under Rule 74.06(b)(1), the trial court was without jurisdiction to set aside the dismissal order and reinstate the case. *Dallas–Johnson Properties v. Hubbard,* 823 S.W.2d 5, 6 (Mo.App.1991).

■ Gibson raises several additional points in her brief. She first claims the June 14, 1993 dismissal order was void because it was issued without notice. This issue was not presented to the trial court and is raised for the first time on appeal. Therefore, it has not been properly preserved for appellate review. *Strunk v. Hahn,* 797 S.W.2d 536, 549 (Mo.App.1990).

Gibson also claims the trial court had jurisdiction to reinstate her wrongful death action pursuant to Rule 74.06(a) because the dismissal order was the result of a "clerical or judicial mistake." Gibson cites no authority to support this claim.

Rule 74.06(a) permits the trial court to "correct errors in the record resulting from oversight or omission and allows the record to reflect judgments actually rendered at a prior time but not faithfully transcribed in the record." *Hassler v. State,* 789 S.W.2d 132, 133 (Mo.App.1990). However, "[c]lerical errors do not include judicial errors and the rule may not be used to enter a judgment different from that judgment actually made even if the judgment made was not the judgment intended." *Id.* at 133–34.

■ The reinstatement order specifically states that the case was dismissed pursuant to local rules for want of prosecution because no activity was shown in the file for more than one year. The court also found that Gibson had been "dilatory." The only reason given by the court for granting the motion is that to deny it would cause "manifest injustice" and because "[e]quity and fairness" require it. The order does not indicate that the dismissal was set aside because of a clerical mistake, nor does it mention Rule 74.06(a). By asking the trial court to enter an order that the case was never dismissed, Gibson was essentially asking the court to enter a judgment different from the one actually rendered. This cannot be done under Rule 74.06(a). *Id.* at 133.

Gibson also claims that the court correctly sustained her motion to reinstate because the White case had been consolidated with other pending lawsuits resulting from the accident. Although the record indicates that there were other lawsuits which arose from the same accident involving other parties, Gibson concedes that there are no docket entries or orders to reflect that any of those cases were consolidated with the wrongful death suits.

■ Finally, Gibson claims the court had the authority to reinstate her case pursuant to Rule 74.06(b)(4) and (5). Neither of these claims were alleged in Gibson's motion to reinstate, nor were they presented to the trial court. Issues not properly preserved may not be raised for the first time on appeal. *Strunk,* 797 S.W.2d at 549.

The trial court's order of reinstatement is reversed and the cause remanded with directions to reinstate the June 14, 1993 order of dismissal.

All concur.