**Connie Marie KRUEGER,**
**Plaintiff–Appellant,**

v.

**Romulo PEREZ, M.D.,**
**Defendant–Respondent.**

**No. 54795.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

Jan. 31, 1989.

Jeanene Moenckmeier, St. Louis, for plaintiff-appellant.

Dan B. Dildine and G. John Richards, Troy, for defendant-respondent.

GRIMM, Judge.

Plaintiff appeals from an order denying her motion to set aside a judgment dismissing her first amended petition with prejudice. We reverse.

On appeal, plaintiff has addressed the numerous grounds raised in her motion for setting aside the judgment. One ground, however, is dispositive: the trial court abused its discretion in denying the motion to set aside, because the circuit clerk did not send plaintiff notice of the judgment, as required by Rule 74.03, and plaintiff had a legitimate excuse for allowing the default judgment to be entered against her. We agree.

We recite only those facts necessary to resolve this appeal. Plaintiff, through her attorney, Robert Costantinou, filed an amended petition on January 23, 1987. On June 23, 1987, defendant's counsel mailed to Mr. Costantinou, a request for production of documents and interrogatories. Pursuant to Rule 57.01(a), a party has 20 days after service to object to, or answer, the interrogatories. Approximately 22 days after mailing the interrogatories, defendant's counsel filed a motion to compel answers to the interrogatories and a motion to compel production of documents; a copy was sent to Costantinou. The motions requested that the court strike plaintiff's pleadings and enter a default judg-

ment against plaintiff if she failed to comply with orders compelling discovery. A notice setting a hearing on the motions for July 27, 1987 was also sent to Costantinou.

Attorneys for the parties agree that on July 21, 1987, defendant's counsel, G. John Richards, and plaintiff's co-counsel, Jeanene Moenckmeier, had a telephone conversation. The July 27 hearing on the motions was discussed. Richards acknowledges that Moenckmeier advised him that all further correspondence should be sent to her.

According to Moenckmeier, she informed defendant's counsel that she would be unable to attend the July 27, 1987, hearing. Moenckmeier asserts that she told defendant's counsel he could represent to the court her consent to an order compelling compliance with the discovery requests within twenty days. Moenckmeier says she did not consent to an order containing sanctions. Defendant's counsel says he did not make any agreement as to the terms of the orders or as to the time allowed for answering.

On July 27, 1987, the Honorable Fred Rush entered orders compelling plaintiff's compliance with the discovery requests within twenty days, and if she failed to do so, her pleadings would be struck and the case would be dismissed with prejudice. The following day, defendant's counsel sent Moenckmeier a cover letter and copies of the court's orders. The address contained an incorrect zip code. Moenckmeier denies having received these documents; Richards says the letter was never returned to his office. There is nothing in the record indicating that the clerk sent notice of these orders to plaintiff or plaintiff's counsel; Moenckmeier says she never received any orders from the clerk.

Plaintiff did not comply with the discovery requests within the twenty days ordered by Judge Rush. On August 15, 1987, Richards mailed notices to Moenckmeier of an August 24, 1987, hearing. The address on the envelope did not contain a street name or number, and the zip code was incorrect. Moenckmeier did not receive the notice; Richards acknowledges that it was returned to him in September,

1987, for insufficient address. Neither plaintiff or her counsel appeared at the August 24, 1987, hearing. The Honorable David Dalton entered an order striking plaintiff's pleadings and dismissing the case with prejudice.

Plaintiff contends that the clerk did not send notice of this order; nothing in the record indicates such notice was sent. Plaintiff did not learn of the order until October 1, 1987, when plaintiff read in the newspaper that her case had been dismissed. On February 23, 1988, plaintiff filed a motion to set aside the August 24, 1987, judgment. Following the submission of affidavits and a hearing which was not on the record, the trial court denied plaintiff's motion to set aside.

■ "Setting aside a default judgment is a matter left to the discretion of the trial court and its ruling is to be interfered with by the appellate court only for abuse of discretion." *First Missouri Bank of St. Francois County v. Patterson*, 696 S.W.2d 800, 801 (Mo.App.E.D.1985). However, "the discretion not to set aside is a good deal narrower than the discretion to set aside." *Id.* Accordingly, "[a]ppellate courts are more likely to interfere when the trial court has denied the motion to set aside than when it has granted the same." *Id.*

■ Rule 74.03, which is substantially similar to former Rule 74.78, provides:

Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment.

Since plaintiff was not in default for failure to appear and was not present in court, she was entitled to notice under this rule.

However, in order to be entitled to relief under this rule, good cause for setting aside the judgment must be shown. While good cause is an "amorphous concept," it generally includes "both a legitimate excuse for allowing the default to occur and a showing of some prejudice...." *Friedman v. Caring Group, Inc.*, 750 S.W.2d 102, 105 (Mo.App.E.D.1988).

Plaintiff maintains that she had a legitimate excuse for allowing the default to occur, because she had no notice that her pleadings would be struck and dismissed with prejudice on August 24, 1987. Defendant argues that there was no error in the clerk's failure to send notice of the August 24, 1987, order because plaintiff had notice that the orders compelling discovery were "self-executing." Defendant's argument, however, assumes that plaintiff received copies of the July 27, 1987, orders. Such an assumption is not supported by the record; nothing in the record indicates that the clerk sent copies of the July 27, 1987, order to plaintiff or her counsel.

Defendant maintains that his counsel mailed copies of the July orders, along with a cover letter, to Moenckmeier and that these documents were never returned to his office. Plaintiff's counsel denies having received the letter and orders. We note that the same incorrect zip code appears on the July letter as appeared on the August 15, 1987, letter which defendant's counsel acknowledges was subsequently returned.

Defendant further maintains that copies of the motions to compel were sent to plaintiff's counsel, Costantinou. Defendant argues that this gave plaintiff notice that defendant was requesting sanctions, and plaintiff should have inquired as to the nature of the court's July 27, 1987, orders.

According to Moenckmeier's affidavit, she told defendant's counsel on July 21, 1987, that she could not be at the hearing and that he could represent to the court her consent to an order compelling discovery within twenty days. Moenckmeier asserts that no consent was given to an order incorporating sanctions. In his affidavit, Richards does not assert that sanctions were discussed; rather, he states that no agreement was entered into as to the terms of the order or the time allowed for complying with the discovery requests. There is nothing in the record to indicate copies of defendant's proposed orders were sent to plaintiff or her counsel. From the record it appears that the question of sanctions was not discussed by the attorneys prior to the entry of the July 27, 1987, order. Under these circumstances, Moenckmeier had no reason to inquire into the nature of the court's order.

These circumstances, combined with defendant's concession that plaintiff did not receive formal notice of the August 24, 1987, hearing, show plaintiff had a legitimate excuse for allowing the default judgment to be entered against her. Further, nothing in the record indicates that either defense counsel or the court clerk sent plaintiff or her counsel a copy of the order of dismissal. The allegations set forth in plaintiff's first amended petition and Moenckmeier's affidavit indicating plaintiff has a meritorious cause of action show plaintiff suffered prejudice. *See Vetter & Associates, Inc. v. Dimarco Corp.*, 733 S.W.2d 459, 462 (Mo.App.E.D.1986). (Prejudice to defendant was evidenced by defendant's answer and counterclaim). The lack of notice further prejudiced plaintiff in that she lost her right to direct appeal. *Hammons v. Hammons*, 680 S.W.2d 409, 411 (Mo.App.E.D.1984). Accordingly, plaintiff has shown good cause.

We do not condone plaintiff's delay in answering the discovery requests; however, "[a] trial court may not ignore [Rule 74.03] and rely on successful litigants to give notice to their opponents." *Id.* The record does not disclose that notice was given by the clerk of the court, and the record does not clearly establish that plaintiff otherwise received notice of the July 27, 1987, and August 24, 1987, orders. Plaintiff was, thus, denied due process. Therefore, given the trial court's narrow discretion, we hold that it abused its discretion in refusing to set aside the judgment.

The cause is reversed and remanded with directions to set aside the August 24, 1987, judgment.

PUDLOWSKI and DOWD, JJ., concur.