Michael HERRIN and Deborah Herrin,
Plaintiffs–Appellants,

v.

Veronica STRAUS,
Defendant–Respondent.

No. 16470.

Missouri Court of Appeals,
Southern District,
Division Two.

April 25, 1991.

Motion for Rehearing or Transfer
to Supreme Court Denied May 17, 1991.

Application to Transfer Denied
July 23, 1991.

Bruce K. Kirby, Michael D. Mayes, Schmidt, Kirby & Sullivan, P.C., Springfield, for plaintiffs-appellants.

David W. Hall, Jr., Thomas E. Rykowski, Bussell, Hough, O'Neal, Crouch & Hall, Springfield, for defendant-respondent.

HOGAN, Judge.

Plaintiffs Michael and Deborah Herrin appeal from an order denying their motion to set aside a judgment or grant a new trial of the cause in which the judgment was entered. We affirm.

The case arose out of a vehicular accident which occurred during the evening on July 19, 1984 in the City of Springfield, Missouri. More than a year later, plaintiff Michael Herrin commenced an action against defendant Straus in the Circuit Court of Greene County, Missouri, alleging, among other things, that the defendant had run a stop light, causing her pickup truck to collide with his. He alleged that he sustained damages for personal injuries and other consequential damages in the amount of $25,000. Plaintiff Deborah Herrin joined her action for loss of consortium as effectively required by Rule 66.01(c).[1] Defendant Straus filed an answer and a counterclaim averring that plaintiff Michael Herrin had run a red light and had turned directly in front of her, causing her vehicle to come into collision with his. The defendant alleged that plaintiff Michael Herrin had been at fault because he was intoxicated at the time the accident occurred. The case was several times put on a civil jury docket, but for one reason or another the case was not called for hearing until September 12, 1988, more than four years after the accident. The plaintiffs did not appear. The defendant appeared with counsel. The court heard the testimony of the defendant, and parts of a pretrial deposition given by plaintiff Michael Herrin were offered in evidence.

The court entered a judgment reciting that plaintiffs did not appear, either in person or by counsel, that defendant appeared in person and with counsel, and that the cause was submitted to the court for a determination of liability and damages. Judgment was entered in favor of defendant and against the plaintiffs on both counts of plaintiffs' petition. On defendant's counterclaim, judgment was entered in favor of defendant and against plaintiff Michael Herrin in the amount of $22,500. The entry on the docket sheet is dated September 12, 1988. A written judgment, signed by the trial judge, is dated October 3, 1988. According to the briefs of both parties, the plaintiffs had actual notice of the entry of judgment on October 4, 1988.

After the judgment was entered the plaintiffs filed two motions, the first, entitled a "motion to set aside default judg-

1. References to statutes and rules are to RSMo 1986 and V.A.M.R., except where otherwise specifically noted.

ment," being filed October 11, 1988. This motion resembles the motions which were commonly filed to vacate default judgments pursuant to former Rule 74.05, which permitted the trial court to set aside a default judgment at any time before damages were assessed.[2] The second motion, entitled "supplement and supplemental motion for new trial," avers a number of defects "patent on the face of the record" as if the plaintiffs were seeking to set the judgment aside on grounds which would have been cognizable under former Rule 74.32. We have the tentative view that that relief from irregular judgments which could have been obtained under former Rule 74.32 is now available under Rule 74.06(b).

 Without discussing the mechanics of setting aside final judgments,[3] we consider the motions filed by the plaintiffs to be sufficient to raise the two issues plaintiffs' counsel said he intended to put before the trial court: 1) whether plaintiffs' attorney gave notice of his intention to withdraw, and 2) whether the plaintiffs received the notice of entry of a judgment required by Rule 74.03.[4]

The plaintiffs' first point is that the trial court erred in refusing to set aside the judgment entered October 3, 1988 because their attorney never properly notified them that he intended to withdraw as their attorney. In particular, the plaintiffs complain

---

**2.** The judgment entered by the trial court was not, properly speaking, a default judgment. In cases where the pleadings are filed, the issues are made up, the cause comes on for trial, the defendant fails to appear, the plaintiff presents evidence, and the court enters judgment for the plaintiff, the judgment is a final, appealable judgment on the merits. *Ozark Mountain Timber Products, Inc. v. Redus,* 725 S.W.2d 640, 644–45 (Mo.App.1987); *G.H. Kursar, D.O., Inc. v. Fleischer,* 602 S.W.2d 870, 873[4] (Mo.App. 1980); *Hamm v. Hamm,* 437 S.W.2d 449, 452 (Mo.App.1969). The result is no different if it is the plaintiff who fails to appear at the trial and judgment is entered on the defendant's counterclaim. See *Staab v. Thoreson,* 579 S.W.2d 414, 418 (Mo.App.1979).

**3.** See, in particular N. Laughrey, *Judgments—The New Missouri Rule,* 44 J.Mo.Bar 11, 14–18 (1988). See also Comment, *Procedure—Setting Aside Final Judgments in Missouri,* 28 Mo.L.Rev. 281 (1963).

that their attorney did not comply with rule 21.4(e) of the rules of the 31st Judicial Circuit, i.e., the Circuit Court of Greene County. Counsel for the defendant answers this point elaborately by saying that plaintiffs may not rely on local rule 21.4(e) because the local rules were not made a part of the record on appeal and because violation of local rule 21.4(e) was not argued in the trial court. The defendant further argues that plaintiffs' attorney did in fact comply with local rule 21.4(e), and inasmuch as the plaintiffs failed to furnish their attorney with a correct address, their failure to receive proper notice of the trial setting was due to their own negligence. We consider it proper to review the case without reference to local rule 21.4(e), even though we have examined that rule and believe it adds little or nothing to the general law.

 Preliminarily, we should note that counsel for plaintiffs suggests that the plaintiffs received no notice, or at least no proper notice, that the cause was set for trial. There is, in our opinion, no merit whatever in this suggestion. There is evidence in the record that on July 6, 1988, after the cause had been pending for nearly three years, Mr. Jack Hoke, plaintiffs' trial attorney, sent the plaintiffs a letter advising them that the case had been set for trial on September 12, 1988. Mr. Hoke

---

**4.** When the trial court heard evidence on the plaintiffs' two motions, counsel for plaintiffs announced:

"... We're willing to put on evidence when you tell us, Judge, *our basis is* that—for setting this aside, is that no notice was given of Attorney Hoke's motion to withdraw, and more importantly, that there was never any notice given by the clerk of the circuit court to the Plaintiffs that a judgment entry had been made in their absence as required by Supreme Court Rule 74.03...." (Emphasis supplied.)

Generally, a party is bound by the theory submitted to the trial court and an appellate court may review the cause only upon that theory. *Brinkerhoff Land & Livestock v. Doyle,* 778 S.W.2d 336, 339 (Mo.App.1989); *Duncan v. Duncan,* 751 S.W.2d 763, 768 (Mo.App.1988). Having announced his trial theory in open court, we consider plaintiffs' counsel to be bound by it.

advised the plaintiffs that it would be necessary to obtain testimony to refute evidence that plaintiff Michael Herrin was intoxicated when the accident occurred. He also advised the plaintiffs it would be necessary to obtain the testimony of plaintiff Michael Herrin's physician in order to prove that Mr. Herrin sustained permanent physical injuries. Mr. Hoke asked the plaintiffs to forward a deposit of $1,297 to cover the expense of obtaining this testimony. There is evidence which would justify the conclusion that the plaintiffs received this letter. When the trial court heard evidence on the plaintiffs' motions, plaintiff Michael Herrin was asked about his receipt of this letter, which was received in evidence as Exhibit 18. Mr. Herrin was asked:

\* \* \* \* \* \*

"Q. I want you to read that letter carefully. Did you ever receive Plaintiffs' Exhibit 18?

"A. I remember discussing it with Jack Hoke, but I don't—seems to me we may have gotten this letter, I'm not sure, I remember discussing the contents of it with Jack."

\* \* \* \* \* \*

When counsel went over this line of questioning a second time, Mr. Herrin repeated that he thought he had received the letter but he was not certain. The fact that Mr. Herrin could not speak with such certainty as to exclude all doubt from his mind did not destroy the probative effect of his testimony as an admission. *Leathers v. Sikeston Coca-Cola Bottling Company*, 286 S.W.2d 393, 396–97[2–4] (Mo.App.1956); *Ray v. Hooper*, 204 S.W. 30, 31–32 (Mo. App.1918). See also *State v. Stigall*, 700 S.W.2d 851, 857 (Mo.App.1985). The probative worth and effect of Mr. Herrin's testimony was a matter for the trial court, *White v. Smith*, 440 S.W.2d 497, 506 (Mo. App.1969), and the trial court could have concluded that Mr. Herrin received ample notice of the trial setting of September 12, 1988.

The question whether the plaintiffs received adequate and proper notice that Mr. Hoke intended to withdraw as their counsel is another matter. As stated in the encyclopedias, the rule is that for justifiable and lawful cause, after giving proper notice and obtaining leave of court, an attorney may withdraw from a case at any stage of the proceeding. 7A C.J.S. *Attorney & Client* § 221, p. 394 (1980). The case law, in general, supports this statement. *Williams and Michael, P.A. v. Kennamer*, 321 S.E.2d 514, 516 (N.C.App.1984); *Jacobs v. Pendel*, 98 N.J.Super. 252, 236 A.2d 888, 889 (1967). The plaintiffs' complaint in this case is not that counsel had no grounds to withdraw; it is that they received no timely notice of counsel's withdrawal and were thereby prejudiced.

 The record before us indicates that on September 1, 1988 Mr. Hoke sent the plaintiffs two letters, one by regular mail, the other by certified mail, advising plaintiffs that inasmuch as he had received no response to his letter concerning the trial, he had filed and the court had sustained his motion to withdraw. The record is not entirely clear on the point, but it suggests strongly that the plaintiffs did not receive either letter. Ordinarily, as the authority we have cited shows, an attorney must give his client reasonable notice that he is withdrawing from the case. The point is troublesome, but we are not inclined to reverse the judgment in the circumstances presented. The plaintiffs had notice of the trial setting as early as July 6, 1988. Mr. Hoke had asked them to send an advance so he could prepare for trial. Although we would not undertake a precise definition of a litigant's duty to follow the progress of his lawsuit, he has some duty to keep abreast of the proceeding. *Owens v. Vesely*, 620 S.W.2d 430, 433[8–11] (Mo. App.1981). There is every indication here that the plaintiffs, being informed their case was set for trial, studiously ignored Mr. Hoke's correspondence or instructions on several occasions. There was evidence that during the time the cause was pending plaintiffs had several addresses. Mr. Herrin testified at one point that he frequently called Mr. Hoke and now and again made a visit to his office. Nevertheless, as we have said, there is no record indication that

plaintiffs made any inquiry about the trial setting after they were informed of it, or that they made sure Mr. Hoke had their current address. The trial court could reasonably have found that plaintiffs' failure to receive Mr. Hoke's notice of withdrawal was the result of plaintiffs' own negligence. We decline to set the judgment aside on the ground that the plaintiffs received no proper notice of Mr. Hoke's withdrawal.

A further point advanced by the plaintiffs is that the trial court erred in refusing to set the judgment aside because they did not receive the notice required by Rule 74.03, which reads:

"Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment."

■ This rule is relatively new, although it is similar to former Rule 74.78, which it replaced. The language "in default for failure to appear" also appears in several federal rules, and it refers to parties who have never entered any appearance in the action, not to parties who have failed to answer the calendar or docket call. *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 541–42 (2d Cir.1963); 2 *Moore's Federal Practice*, Par. 5.05 (1990). In particular, Fed.R.Civ.P. 77(d) provides, in pertinent part, that:

"Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing."

The federal courts and the commentary upon federal practice have held that failure to give the notice required by Fed.R.Civ.P. 77(d) does not ipso facto mean that the judgment must, can or should be reopened or vacated. *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d at 542; 10 C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure: Civil 2d* § 2695, p. 509 (1983).

Another federal rule which is in some degree analogous to our Rule 74.03 is Fed.R.Civ.P. 55(b), which in material part reads:

"... If the party against whom judgment by default is sought has appeared in the action, he ... shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."

Although there is authority to the contrary, it has been suggested that a lack of notice pursuant to Fed.R.Civ.P. 55(b) does not automatically entitle the defaulting party to relief, but is merely one consideration to be weighed by the court in exercising its discretion in determining a motion made pursuant to Fed.R.Civ.P. 55(c).[5] 10 C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure: Civil 2d* § 2695.

Our Rule 74.03, which is to a degree analogous to Fed.R.Civ.P. 77(d), is in some respects ambiguous. It was not framed so as to indicate when a litigant not in default for failure to appear is to receive notice if the court takes the cause under advisement, nor does it indicate whether the party entitled to notice is entitled to further notice if the order entered "in court" was not, as is the case here, intended as a final judgment. The rule does make it clear that a party not in default for failure to enter an appearance and who was not present in court when an order or judgment was entered is entitled to notice. It is conceded that in this case the clerk gave the plaintiffs no notice of the judgment entered by the trial court on September 12, 1988. This order was not intended by the trial court to be the final judgment; the final judgment was signed and filed October 3, 1988. The plaintiffs did receive notice of the entry of this order. The record indicates that the

---

**5.** Which provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

defendant's attorney gave notice of the entry of the judgment of October 3, 1988 to an attorney who represented the plaintiffs in the Bankruptcy Court for the Northern District of Oklahoma.

It has been held that the failure to give notice as required by Rule 74.03 does not automatically require the trial court to set the judgment or order aside. In order to be entitled to relief under Rule 74.03, the party seeking relief must make a showing of some prejudice. *Krueger v. Perez,* 764 S.W.2d 173, 175 (Mo.App.1989); *Friedman v. Caring Group, Inc.,* 750 S.W.2d 102, 105 (Mo.App.1988). There is no showing that the plaintiffs have been subjected to execution, and as we have noted the judgment of which plaintiffs received actual notice was a final, appealable judgment. *Ozark Mountain Timber Products, Inc. v. Redus,* 725 S.W.2d at 644–45[2]. Having had notice of the day the judgment entered became final, the plaintiffs could have filed a motion for new trial at any time within fifteen days after the judgment was entered on October 3, 1988. Plaintiffs could have filed a motion pursuant to Rule 75.01 asking that the court reopen, correct or modify its judgment. We find no prejudice sufficient to require vacation of the judgment entered in this case because the plaintiffs did not receive the notice required by Rule 74.03.

The plaintiffs finally complain that their total lack of notice of any of the proceedings taking place in Missouri, particularly Mr. Hoke's failure to advise them the case was set for trial and their failure to receive the notice required by Rule 74.03, deprived them of due process. This point is merely a restatement of the assignments of error already briefed. Certainly the errors assigned by the plaintiffs could be discussed at greater length, but we find no error materially affecting the merits of the action, and consequently affirm the judgment appealed from.

PARRISH, P.J., and SHRUM, J., concur.