**Daniel TINSLEY, Respondent,**

**v.**

**Larry GOSNELL, Appellant.**

**No. 64622.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 1994.

Laurence G. Schmidt, Festus, for appellant.

Eric C. Harris, Park Hills, for respondent.

CRIST, Judge.

Appellant–Defendant, Larry Gosnell, appeals from the trial court's denial of his "Motion to Set Aside Default" after the court had entered judgment in favor of Respondent–Plaintiff, Daniel Tinsley. We reverse and remand.

On March 2, 1990, Tinsley filed a suit for fraud against Gosnell and a second defendant Gary Linderer. The petition alleged Gosnell and Linderer had falsely represented to Tinsley that if he would invest $12,000 with them, they would guarantee ownership represented by common stock to be issued in a venture to be incorporated. Tinsley alleged he did invest $12,000 but never received stock ownership in the venture. Tinsley's

---

case against Linderer ended in default and is not the subject of this appeal.

On April 5, 1990, Gosnell's attorney entered his appearance. On September 11, 1990, Gosnell answered Tinsley's petition, basically averring he was without sufficient information to admit or deny the allegations. On that same date, Gosnell moved for a continuance. Following these events, the docket sheet reflects no further action in the matter until July 16, 1992. On that date, Tinsley filed a notice and certificate of readiness for trial. Tinsley stated he would request a trial setting for the matter at the docket call on August 13, 1992 at 10 a.m. Tinsley's attorney certified he mailed a copy of the notice to Gosnell's counsel.

On August 13, 1992, the trial court set the case for trial on November 19, 1992 at 10 a.m. It is undisputed that neither Gosnell nor his attorney were present at the docket call where the court made the special trial setting. Neither the court nor Tinsley's attorney ever notified Gosnell or his attorney about the trial setting. On November 19, 1992, neither Gosnell nor his attorney appeared, and the trial court entered judgment in favor of Tinsley for $12,000. Exactly three months later, on February 19, 1993, Tinsley filed a request and order for execution and garnishment. On March 29, 1993, Gosnell moved to set aside the judgment. After submission of memoranda and affidavits, the trial court denied the motion to set aside.

■ On appeal, Gosnell contends the trial court erred in overruling his motion to set aside, because he had shown good cause under both Rules 74.03 and 74.05.

■ At the outset, even though both parties continually refer to the judgment entered as a "default judgment," it is not a judgment by default. Gosnell's attorney had entered his appearance and Gosnell had answered Tinsley's petition. Where a party has filed an answer, the subsequent judgment is not a default judgment, but rather, a judgment on the merits. *See, Cotleur v. Danziger,* 870 S.W.2d 234, 237 (Mo.1994); *Herrin v. Strauss,* 810 S.W.2d 593, 595 n. 2 (Mo.App.1991); *See also,* Nanette K. Lau-

ghrey, *Judgments—The New Missouri Rule,* 44 J.Mo.Bar 11, 13 (1988). Therefore, Rule 74.05 is inapplicable, as it relates to setting aside default judgments. *Cotleur,* 870 S.W.2d at 236–37.

However, Rule 74.03 is applicable. *See, Herrin,* 810 S.W.2d at 597[8]; *Krueger v. Perez,* 764 S.W.2d 173, 174–75[2] (Mo.App. 1989); *Vetter & Associates, Inc. v. Dimarco Corp.,* 733 S.W.2d 459, 461[1] (Mo.App.1986) (applied Rule 74.78, now repealed, but virtually identical to Rule 74.03). Rule 74.03 provides:

Immediately upon the entry of an order or judgment, the clerk shall serve notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment.

As stated above, Gosnell was not in default for failure to appear. Further, neither he nor his attorney was present when judgment was entered. Therefore, he was entitled to notice of entry of judgment. Neither Gosnell nor his attorney received such notice, nor did the court mail one. In addition, Gosnell filed a written motion to set aside within six months from the entry of judgment. Rule 74.03 provides the trial court shall set aside that judgment for good cause. *See, Rice v. Rice,* 757 S.W.2d 644, 645[2] (Mo.App.1988).

Good cause has been identified as an amorphous concept, which generally includes " 'both a legitimate excuse for allowing the default to occur and a showing of some prejudice....' " *Krueger,* 764 S.W.2d at 175, *quoting Friedman v. Caring Group, Inc.,* 750 S.W.2d 102, 105 (Mo.App.1988).

Gosnell contends he has a legitimate excuse for missing the trial, because neither he nor his attorney received notice of the trial setting. It appears Tinsley's attorney mailed to Gosnell's attorney a notice of the docket call where the trial date would be set. However, Gosnell's attorney stated in his affidavit attached to the motion to set aside that any

such notice, if received, was either overlooked or misunderstood by his secretary. Even so, it is undisputed that neither Gosnell nor his attorney received written notice of the special trial setting in November. Because Gosnell was not a party in default, the mere lack of notice of the special trial setting is grounds to set aside the judgment entered against him. *See, Fields v. Gibson,* 840 S.W.2d 884, 886–87[3] (Mo.App.1992) (party not in default entitled to notice of special trial setting when did not appear at docket call setting trial date); *Eastin v. Franklin,* 806 S.W.2d 57, 61–63[8, 9] (Mo.App.1991) (party not in default who did not receive formal written notice of trial setting entitled to new trial); *Irving v. Brannock,* 756 S.W.2d 585, 586–87 (Mo.App.1988) (party not in default entitled to notice of trial date under due process).

Tinsley contends notice of the docket call was sufficient, because local rules place upon Gosnell's attorney an affirmative duty to determine the trial date. However, this argument has been rejected. It is immaterial Gosnell's attorney may have had notice of the docket call, because the court has a due process obligation to formally notify Gosnell of the trial setting. *Fields,* 840 S.W.2d at 886. Its failure to provide such notice excuses Gosnell's failure to appear at trial. *Id.*

Regarding prejudice to Gosnell, some courts have averred prejudice is usually established by showing a meritorious defense, *Friedman,* 750 S.W.2d at 105, while others have indicated prejudice exists where the party is subjected to execution and garnishment and has lost its right to direct appeal due to the lack of notice. *Krueger,* 764 S.W.2d at 175; *Hammons v. Hammons,* 680 S.W.2d 409, 411[2] (Mo.App.1984). In either event, Gosnell has shown prejudice. He stated in his motion he did not make any representations of common stock ownership to Tinsley. Further, Gosnell was subjected to garnishment and the lack of notice of judgment prevented him from a timely direct appeal.

In light of the fact Gosnell never received formal notice of the trial setting nor written notice of entry of judgment as provided in Rule 74.03, we find he has shown good cause

to have the judgment entered against him set aside. *See, Vetter,* 733 S.W.2d at 462. Accordingly, we reverse and remand.

Judgment reversed and remanded to the trial court with orders to set aside the judgment.

CRANDALL, P.J., and REINHARD, J., concur.