**In re the MARRIAGE OF DUBOIS.**

**Pamela K. DUBOIS, Petitioner–Respondent,**

v.

**Richard M. DUBOIS, Respondent–Appellant.**

**No. 18768.**

Missouri Court of Appeals,
Southern District,
Division One.

April 26, 1994.

Roger L. Ponder, House Springs, for respondent-appellant.

H. Lynn Henry, Henry, Henry & Engelbrecht, West Plains, for petitioner-respondent.

SHRUM, Judge.

In this domestic relations case Richard M. DuBois (husband) appeals from an order of the trial court setting aside a dissolution decree entered on October 26, 1992. The respondent on appeal is Pamela K. DuBois (wife). The dispositive issue, as framed by the husband's Point III, is whether the wife suffered prejudice from the order, thereby permitting the trial court to set aside the order pursuant to Rule 74.03.

We affirm.

## FACTS

The parties were married to each other once before. Their first marriage ended via a dissolution decree entered February 29, 1984, under which the husband was to pay the wife $16,500 in property settlement; however, that was never paid. Consequently, payment of that sum was an issue in their second dissolution case.

An oral settlement agreement was reached by the parties on May 21, 1992. At a hearing on the dissolution petition held on that date the wife testified to the terms of the agreement as follows. The husband was to pay the wife the $16,500 due under the first dissolution decree "as soon as possible" but in no event "more than 30 days." The wife was to convey two parcels of real estate to the husband. One parcel, 119 acres in Oregon County, the wife valued at $18,000. The other tract, a home in Hillsboro, Missouri, she valued at $60,000. The wife was to convey the real estate when she received the $16,500.

In her testimony the wife described IRS liens against the real estate and the equity in the properties thusly:

Q. (to the wife) Now, there are substantial federal tax liens outstanding that are encumbrances against the real estate; is that correct?

A. Yes

Q. Do you know the approximate balance of all those tax liens?

A. Between $80,000 and $100,000, I believe.

Q. Such that ... if there is equity ... in the property ... it would be slight or minimum?

A. Right....

Q. And it's for that reason that you are willing to enter into the settlement that you are?

A. Yes.

On May 21, 1992, the trial court ordered the marriage dissolved. It took the property settlement and the child support question under advisement until the parties filed a formal property settlement agreement and a Form 14 child support schedule. However, a written settlement containing the provisions outlined by the wife's testimony on May 21, 1992, was never provided.

In a verified motion filed on November 3, 1992, the husband said that because of the federal tax liens he was unable to get the $16,500 for the wife as agreed. Through their respective lawyers, the parties then negotiated a different property settlement.

The new agreement was reduced to writing and signed by both parties. The husband's lawyer filed the revised agreement with the court on October 14, 1992. It provided that the husband was to pay respondent $5,500 by depositing it with the registry of the Oregon County Circuit Court. The $5,500 was to be delivered to the wife within seventy-two hours after the husband received quit claim deeds for the real estate. The remainder of the $16,500 sum was to be paid by the husband in twenty-two monthly installments of $500 per month. It also recited

that when signed by the wife, the agreement was to serve as a complete satisfaction and release of the $16,500 portion of the judgment in favor of the wife in the first dissolution case. The written marital settlement agreement did not mention the IRS debt thus leaving it as an unaddressed obligation of both parties.

At an evidentiary hearing in February 1993, the husband admitted that in October 1992 he informed an IRS employee that he was sending a $5,500 payment due the Wife to the Oregon County Circuit Clerk's Office. He gave the IRS that information so that "they could get out a notice of tax lien."

On October 29, 1992, 15 days after the marital settlement agreement was filed with the circuit clerk's office, the wife filed a verified motion entitled "Motion To Rescind Marital Settlement." In it she alleged that the husband negotiated and signed the separation agreement without intending that she get the $5,500 but, rather, arranged with the IRS to seize the payment once he deposited it with the circuit clerk.

Asserting that she was rescinding the agreement, the wife requested that the trial court not enter a decree based on the agreement or, if a decree had been entered, that it be set aside and that the court set the case for trial.

On November 2, 1992, the trial court wrote to the respective lawyers about the case, saying in part:

"I notice that on the 29th of September, 1992, a marital settlement and stipulation agreement was filed but no request was made by anybody to have the court approve this document nor has any formal decree of divorce ever been submitted to the court for consideration." [1]

Inexplicably the information in the letter about the absence of a decree was incorrect. In fact a decree incorporating the written separation agreement was filed on October 26, 1992. Nothing in the record shows that the circuit clerk ever sent the decree to the

---

1. The docket sheet recites that the "marital settlement agreement" was filed October 14, 1992, not September 29, 1992, as the trial court stated

in its letter. We note the agreement states that the husband signed it on September 29, 1992.

respective parties or their lawyers or that they were otherwise notified of the decree before February 1993.

On February 18, 1993, the trial court conducted an evidentiary hearing on the wife's motion to rescind the marital settlement agreement. During that hearing the wife's lawyer first learned of the October 1992 dissolution decree. At the conclusion of the February 1993 hearing, the trial court took the wife's motion to rescind under advisement.

On March 17, 1993, the Wife filed a verified motion to set aside the judgment. She alleged that until the "Motion To Rescind Marital Settlement" hearing on February 18, 1993, neither she nor her lawyer knew of the October 1992 dissolution decree. Citing Rule 74.03 and Rule 74.06 as authority for her request, the wife moved the court to set aside the decree.

On March 23, 1993, the trial court entered an order setting aside the October 26, 1992, judgment. In part the order reads:

> "[T]he Court having considered petitioner's Motion to Set Aside Judgment ... finds that there is good cause to set aside such judgment and to allow further proceedings thereon; the Court finds that there is evidence that petitioner nor her attorney were ever made aware of the entry of said judgment prepared by respondent as required by Civil Rule 74.-03....
>
> SO ORDERED."

This appeal followed.

## DISCUSSION AND DECISION

■ Under Rule 84.04(d) one necessary component of a point relied on is a concise statement of the challenged ruling of the trial court. *In re Marriage of McCoy,* 818 S.W.2d 322, 325[2] (Mo.App.1991). In his first point, the husband describes the ruling of the trial court that he challenges thusly:

> "The Circuit Court erroneously declared and applied the law *in determining that it still had jurisdiction to hear wife's motion to rescind the marital settlement* ... 113 days from the date she filed her motion *and in ordering the setting aside of said*

*... decree 146 days after her motion was filed* in that wife's motion was filed on October 28, 1992 and it was overruled as a matter of law ninety ... days after the date she filed her motion." (Emphasis ours.)

The husband's point and his argument in support mischaracterize what the record shows. Because an evidentiary hearing on the wife's "Motion To Rescind Marital Settlement" was held on February 18, 1993, following which the trial court took that motion under advisement, the husband may have anticipated that the trial court was going to rule that motion. That, however, did not occur. Rather, the trial court set aside the decree based upon Rules 74.03 and 74.06, grounds first raised in the wife's motion of March 17, 1993, and not upon the wife's "Motion To Rescind Marital Settlement."

The husband's Point I argument—that the trial court ruled the "Motion To Rescind Marital Settlement" when it was without jurisdiction to do so—misstates the facts. In effect, the husband asks that we decide an abstract question that did not arise upon existing facts. *See State ex rel. Brokaw v. Board of Education,* 171 S.W.2d 75, 85[18] (Mo.App.1943). This we will not do.

■ Appellate courts do not render advisory opinions or decide nonexistent issues. *Warren v. Warren,* 601 S.W.2d 683, 687[12] (Mo.App.1980). Given the state of this record, any opinion voiced by us on the question of whether the trial court had jurisdiction to rule on the wife's October 29, 1992, motion would be merely advisory. For that reason we refrain from doing so. Point I is rejected.

In Point III the husband claims that the trial court erred in using Rule 74.03 to set aside the October 26, 1992, judgment. He acknowledges that the circuit clerk failed to notify the parties of the entry of the judgment as required by Rule 74.03. The thrust of his point on appeal and argument, however, is that the wife has not shown she was prejudiced by the lack of notice.

Rule 74.03 provides:

> "Immediately upon the entry of an order or judgment, the clerk shall serve a notice

of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment."

■ Because the wife was not in default for failure to appear and was not present in court when the judgment was entered, she was entitled to notice under this rule. *Krueger v. Perez*, 764 S.W.2d 173, 174 (Mo. App.1989). However, failure by the clerk to give the notice required by Rule 74.03 does not automatically entitle a party to the relief of having the judgment or order set aside; the party seeking relief must make a showing of some prejudice. *Herrin v. Straus*, 810 S.W.2d 593, 598[9] (Mo.App.1991).[2]

■ The husband says that although the clerk "mistakenly failed to send notice" of the judgment, the wife was not prejudiced thereby because she filed her motion to rescind the marital settlement within two days after the entry of the judgment. Continuing, he argues that "[t]his is exactly the action she would have taken had she had notice of the Entry of Judgment." We disagree.

The purpose of Rule 74.03 is to give parties time in which to challenge judgments or orders of which they were otherwise unaware. *Warren v. Associated Farmers, Inc.*, 825 S.W.2d 901, 905 (Mo.App.1992) (citing *State ex rel. Vicker's, Inc. v. Teel*, 806 S.W.2d 113, 117 (Mo.App.1991)). Contrary to the husband's assertion, noncompliance with Rule 74.03 did prejudice the wife.

First, the wife did not request relief pursuant to Rule 75.01.[3] Notice of the judgment would have alerted her to either (a) timely file a separate motion under Rule 75.01 to vacate, reopen, correct, amend or modify the judgment, or (b) timely call up for hearing her "Motion To Rescind Marital Settlement" as a Rule 75.01 motion. *Cf. Herrin*, 810 S.W.2d at 598[10]. It is reasonable to infer from the wife's "Motion To Rescind Marital Settlement" that she would have taken one or both of those steps had she been notified of the judgment.

Second, the wife lost her right to file a motion for a new trial. Rule 73.01.[4] Notice of the judgment would have alerted the wife to either (a) timely file a separate motion for new trial, or (b) timely present her "Motion To Rescind Marital Settlement" to the trial court as her motion for new trial.[5] *See Hoey v. Royston*, 723 S.W.2d 929 (Mo.App.1987) (held a "motion to set aside" was in reality a motion for new trial). Viewing the wife's "Motion To Rescind Marital Settlement" as a new trial motion, it was overruled as a matter of law on January 27, 1993, ninety days

2. Because the husband confines his Point III argument to the issue of prejudice, we need not decide whether the wife demonstrated "good cause" to permit relief under Rule 74.03. However, there is nothing in the record to indicate the wife had actual notice of the order or that her failure to receive the notice was because of a lack of diligence on her part. To the contrary, the record reflects that the trial court might have inadvertently misled the wife and her attorney about the status of the case. *Compare Brown v. General Motors Assembly Div.*, 695 S.W.2d 501, 502 (Mo.App.1985).

We note that most of the reported opinions that analyze the "good cause" requirement of Rule 74.03 (and its predecessor Rule 74.78) do so in the context of discussion of default judgments, where the default was not for a failure to appear. *See, e.g., Krueger*, 764 S.W.2d 173; *Friedman v. Caring Group, Inc.*, 750 S.W.2d 102 (Mo.App. 1988). In the case before us, the wife was not in default, for failure to appear or any other reason.

3. In pertinent part, Rule 75.01 provides:

"The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time."

4. Rule 73.01(a)(3) reads:

"(a) In cases tried without a jury or with an advisory jury:

" . . . .

"(3) Not later than 15 days after the entry of judgment, a party may, but need not, file a motion for new trial or a motion to amend the judgment and opinion, or both."

5. The husband treats the wife's Motion To Rescind Marital Settlement as a new trial motion. In the argument portion of Point I of his brief he says, "This Motion [To Rescind Marital Settlement], of course, was a Motion for a new trial."

after it was filed. Rule 78.06.[6] Again, it is reasonable to infer from the record that had the wife known of the judgment she would have acted to have a motion for new trial ruled on its merits. However, she did not learn of the judgment until February 18, 1993, after the motion had been overruled by operation of Rule 78.06 without the trial court's addressing its merits and after the judgment had become final.

Third, the lack of notice deprived the wife of a direct appeal. *See Brown,* 695 S.W.2d at 502; *Hammons v. Hammons,* 680 S.W.2d 409, 411[2] (Mo.App.1984). To be timely, a notice of appeal "shall be filed not later than ten days after the judgment or order appealed from becomes final." Rule 81.04(a). The wife did not learn of the judgment early enough to file a timely appeal.

We find prejudice to the wife sufficient to permit the trial court to set aside the decree pursuant to Rule 74.03. Point III denied.

Besides Rule 74.03, the trial court used Rule 74.06 as a basis for setting aside the dissolution decree. In that regard the trial court ruled:

> "[T]he Court further finds that there is good cause under Rule 74.06 to reopen said judgment since there is evidence that petitioner was induced to release a priority judgment over an I.R.S. tax lien and oral evidence of the respondent under oath, that he notified the I.R.S. of such payment as required under the decree of October 26, 1992."

For numerous and varied reasons presented in Points II and IV of his brief, the husband contends the trial court erred when it set aside the decree by applying Rule 74.06. In a court-tried case, we are to sustain the judgment or order of the court if the result was correct on any tenable basis.

6. The pertinent part of Rule 78.06 reads: "If the motion for a new trial is not passed on within 90 days after the motion is filed, it is denied for all purposes."

7. We note that the wife's March 17, 1993, motion to set aside was not served on the husband in the manner required by Rule 74.06(c) nor was an evidentiary hearing held on the Rule 74.06(c) motion. The Rule 74.06 requirements of service and a hearing are founded on the constitutional right to due process. *See State ex rel. Kairuz v.*

*Johnson v. Gregg,* 807 S.W.2d 680, 685[5] (Mo.App.1991). Having concluded that there was a tenable basis provided by Rule 74.03 to sustain the trial court's order setting aside the judgment, we should not gratuitously reach for and needlessly rule other questions presented. *Macy v. Day,* 346 S.W.2d 555, 559[5] (Mo.App.1961). We express no view on the merits of Points II or IV.[7]

Judgment affirmed.

PARRISH, C.J., and MONTGOMERY, J., concur.

*Romines,* 806 S.W.2d 451, 457 n. 1 (Mo.App. 1991). However, the husband does not in Points II or IV nor in the argument following those points complain of the absence of service and a hearing. Thus, he has waived those defects. *Null v. City of Grandview,* 669 S.W.2d 78, 81[6] (Mo.App.1984). *See Moore v. Board of Educ. of Fulton School,* 836 S.W.2d 943, 947 (Mo. banc 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1270, 122 L.Ed.2d 666 (1993).