**Michael L. SMITH, Petitioner–Respondent,**

v.

**Tammy M. SMITH, Respondent–Appellant.**

**No. 67119.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 17, 1995.

Jonathan L. Downard, Hansen, Stierberger, Downard & Melenbrink, Union, for appellant.

Joy I. Hannel, Wegmann, Gasaway, Stewart, Schneider, Dieffenbach, Tesreau, Stoll & Sherman, P.C., Hillsboro, for respondent.

KAROHL, Judge.

Wife appeals contending the trial court abused its discretion by refusing to set aside a non-contested dissolution of marriage. Husband filed a petition for dissolution. Wife filed an answer and cross-petition. After wife's attorney withdrew from the case, the court set the case for trial and directed husband's attorney to send notice of the trial setting to wife's last known address. At trial, husband and his attorney appeared, but wife failed to appear. Wife filed a motion to set aside the order, which the court denied after an evidentiary hearing. We affirm.

A trial court has broad discretion to decide whether to grant a motion to set aside a final judgment. *Cotleur v. Danziger,* 870 S.W.2d 234, 238 (Mo. banc 1994). We will not disturb that decision unless the record demonstrates an abuse of discretion. *Estep v. Atkinson,* 886 S.W.2d 668, 675 (Mo.App. S.D.1994).

In her first point, wife contends the trial court abused its discretion in refusing to set aside the "default judgment" and failing to provide notice of the court date for the dissolution.

Wife refers to the judgment as a "default judgment." Her argument relies on a false premise. Where a party has filed an answer, the later judgment is not a default judgment, but rather, a judgment on the merits. *Tinsley v. Gosnell,* 873 S.W.2d 943, 944 (Mo.App.E.D.1994). Non-contested judgments are not the subject of Rule 74.05(d) which offers an opportunity for relief from a default judgment. *Id.* Wife has not relied on Rule 74.03 on appeal, thus, we will not address the issue here or terms of that rule. Even if the decree was considered a default judgment, such a judgment is not defective for lack of notice. *Nixon v. Williamson,* 703 S.W.2d 526, 528 (Mo.App.1985).

■ In addition, Rule 74.06(b) does not apply to this case. Under this rule, a court may set aside a final judgment or order if a party is able to show mistake, inadvertence, surprise, or excusable neglect. Rule 74.06; *Cotleur*, 870 S.W.2d at 236. Likewise, we do not address Rule 74.06 because wife did not preserve this issue for appeal. Point denied.

On her second point, wife contends the trial court erred in refusing to set aside the decree of dissolution because the decree was entered without actual notice of the trial setting and, thus, she was denied due process of law.

■ Wife's position is without merit. She received notice as required by law. Under Rule 43.01(c)(2), service by mail is completed by mailing, and not upon receipt. *Morris v. Christian Hospital*, 682 S.W.2d 492, 493 (Mo.App.1984). Mailing is a proper means of notifying a pro se litigant of notice of a hearing. *Id.*

■ The trial court allowed wife's attorney to withdraw. It subsequently set the case for trial and directed husband's attorney to send notice of trial to wife's last known address. Husband's attorney complied with the direction by filing a partial transcript of a PDL hearing which contained wife's last known address with a copy of his notice. Wife testified at the PDL hearing her address was P.O. Box 14, Lonedell, Missouri. The court docket sheets reflect husband's attorney mailed notice of the trial setting to that address.

At the motion hearing to set aside the order, wife claimed she changed her address to Wappapello sometime in June. There was no evidence she informed the court, husband, or husband's attorney of any mailing address changes. As a result of the change, she received notice of the July 15, 1994 trial on July 25, 1994. Despite the address change, wife maintained her "regular address was P.O. Box 14, Lonedell" from the time of the PDL hearing until July 15, 1994.

The failure to receive timely actual notice of trial was the result of wife's conduct, not husband's or the trial court's. This fact, together with notice in compliance with the rules and direction of the trial court support the order refusing to set aside the decree for failure to receive actual notice. Point two is denied.

■ We note there is no support in the record for a finding wife received notice of her attorney's withdrawal. An attorney must give his client reasonable notice he is withdrawing from the case. *Herrin v. Straus*, 810 S.W.2d 593, 596 (Mo.App.1991). However, wife has not argued this was a basis to set aside the decree. We affirm.

REINHARD, P.J., and WHITE, J., concur.