**Shirley A. McMILLAN, Plaintiff–Appellant,**

v.

**Jerry WELLS, et al., Defendants–Respondents.**

No. 20323.

Missouri Court of Appeals,
Southern District,
Division One.

June 5, 1996.

David R. Mitchell, Christopher J. Carpenter, Mitchell & Martin, L.C., Blue Springs, for appellant.

Anne R. Wells, Neosho, for respondents Jerry E. and Joanna Kay Wells.

Thomas L. Williams, Roberts, Fleischaker, Williams, Wilson & Powell, Joplin, for respondents Kenneth and Janice Steele.

BARNEY, Judge.

Shirley A. McMillan (Plaintiff) appeals from an order of the trial court denying her Amended Motion to Set Aside Dismissal or in the Alternative, Relief from Judgment or Order.

Plaintiff's appeal stems from the dismissal of her consolidated causes of action against Jerry E. Wells, et al. (Defendants) in Case No. CV188–232CC on November 19, 1993, for failure to prosecute. The litigation had commenced in March of 1988 and the case was set for trial on September 17, 1990. The trial did not take place.

In her amended motion Plaintiff contends that neither she or her counsel received notice of the dismissal order of November 19, 1993, from the clerk of the court pursuant to local rule 37.1 of the trial court or pursuant to Supreme Court Rule 74.03 [1]. She further asserts that it was not until May of 1994 that either she or her counsel became aware of the November 19, 1993, order of dismissal. Nevertheless, she waited until November 14, 1994, to file her original Motion to Set Aside Dismissal of Case No. CV188–232CC. In this first motion, Plaintiff moved the Court to set aside its order solely on the basis of violation of local rule 37.1. No claim for relief under Rule 74.03 or Rule 74.06 was alleged.

On May 12, 1995, three days prior to a hearing on Plaintiff's first motion, Plaintiff filed an Amended Motion to Set Aside Dismissal or in the Alternative, Relief from Judgment or Order. In this latter motion, filed more than one year from the original entry of the order of November 19, 1993, Plaintiff sought to invoke "equitable powers pursuant to Rule 74.06" to set aside the dismissal of her cause of action.

Plaintiff raises one point on appeal. She alleges that the November 19, 1993, order dismissing her cause of action for failure to prosecute was a void order due to lack of notice to her when the action was set for dismissal. She also alleges that the order was void because she received no notice of the dismissal as required by Rule 74.03. Therefore, she alleges that the trial court erred in denying and overruling her motion to set aside the dismissal, or alternatively grant relief from the judgment.

Defendants argue that regardless of the deficiency of the notice to Plaintiff as to the dismissal, she nevertheless was well aware of the order within six months of its rendition. Further, Defendant asserts that Plaintiff chose to take no action to set the order aside pursuant to Rule 74.03. Therefore, having failed to file her timely motion under Rule 74.03, the order dismissing her cause of action should stand.

■ Section 506.050, RSMo 1994 states that "[e]very direction of a court or judge, made or entered in writing and not included in a judgment, is denominated an order, and an application for an order is a motion." *See also* Rule 74.02. Rule 74.01(a) states that " 'Judgment' as used in these Rules includes

---

1. All rule references are to Missouri Rules of Civil Procedure (1994) unless otherwise specified.

a decree *and any order* from which an appeal lies." (Emphasis added.) "An order or judgment of the court is plainly an exercise of judicial power by the court regarding some cause pending before it." *Reed v. Mirts,* 437 S.W.2d 719, 721 (Mo.App.1969). "When the effect of [an] order is to dismiss the plaintiff's action and not the pleading merely, then the judgment entered is final and appealable." *Mahoney v. Doerhoff Surgical Servs.,* 807 S.W.2d 503, 506 (Mo. banc 1991).

"The trial court is vested with broad discretion when acting on motions to vacate judgments." *Anderson v. Central Mo. State Univ.,* 789 S.W.2d 41, 43 (Mo.App.1990); *Burris v. Terminal R.R. Ass'n,* 835 S.W.2d 535, 537–38 (Mo.App.1992). "An appellate court should not interfere with the action taken by the trial court 'unless the record clearly and convincingly demonstrates an abuse of such discretion.'" *Anderson,* 789 S.W.2d at 43.

In Missouri the law disfavors the dismissal of causes because of failure to prosecute. *Horobec v. Mueller,* 628 S.W.2d 942, 944 (Mo.App.1982); *see also Waldorf Inv. Co. v. Farris,* 918 S.W.2d 915, 919 (Mo.App. 1996). "[T]he law favors trial on the merits." *State ex rel. Highway and Transp. Comm'n v. Moulder,* 726 S.W.2d 812, 813 (Mo.App. 1987). "The trial court has the inherent power to enter a judgment of dismissal, on its own motion, for failure to prosecute." *Laubinger v. Missouri State Highway Comm'n,* 726 S.W.2d 355, 356 (Mo.App.1987); *Bindley v. Metropolitan Life Ins. Co.,* 335 S.W.2d 64, 69 (Mo.1960). Any defendant may move for an involuntary dismissal in a civil action for failure of the plaintiff to prosecute a cause of action. Rule 67.03.

"[A]n involuntary dismissal can only be made with prejudice if there is notice and an opportunity to be heard...." *State ex rel. Willens v. Gray,* 757 S.W.2d 656, 658 (Mo.App.1988). "The test for sufficient notice to satisfy due process is notice reasonably calculated to apprise the plaintiff of the proposed dismissal and to afford a reason-

able opportunity to object." *Laubinger,* 726 S.W.2d at 357; *W.M. Crysler Co. v. Smith,* 377 S.W.2d 134, 139 (Mo.App.1964).

Under Rule 67.03, Missouri Rules of Civil Procedure (1993), in effect at the time of the entry of the order dismissing plaintiff's case, the legal effect of the order was to dismiss plaintiff's cause of action with prejudice. *State ex rel. Vicker's, Inc. v. Teel,* 806 S.W.2d 113, 118 (Mo.App.1991).[2]

At the hearing Plaintiff denied receiving a notice of dismissal from the Circuit Clerk's office. The evidence shows that neither Plaintiff or her attorney at the time received notice of the dismissal of her consolidated action after its entry. The docket sheet, which assiduously had charted the progress of the consolidated cases from the inception of the litigation until the time of the entry of the order of dismissal, was devoid of any entry that the clerk had mailed out or otherwise caused any notice to be sent to the parties relative to the said order pursuant to Rule 74.03, Missouri Rules of Civil Procedure (1993).

Rule 74.03 provides as follows:

Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment.

Plaintiff postulates that the November 19, 1993, dismissal order was void in the sense of being void *ab initio,* because of lack of notice, in violation of her due process rights. Generally, "[a] void judgment cannot be brought back to life." *Larimer v. Robertson,* 800 S.W.2d 154, 155 (Mo.App.1990); *see also Platt v. Platt,* 815 S.W.2d 82, 83 (Mo. App.1991).

"There has been much laxity in the opinions with respect to the use of the terms

**2.** Effective January 1, 1994, Rule 67.03 was changed to provide that "[a]ny involuntary dis-

missal shall be without prejudice unless the court in its order for dismissal shall otherwise specify."

'void' and 'voidable'...." *Reynolds v. Volunteer State Life Ins. Co.*, 80 S.W.2d 1087, 1092 (Tex.Civ.App.1935).

Few modern Missouri cases definitively describe a "voidable judgment" as opposed to a "void judgment." In *Smith v. Black*, 231 Mo. 681, 132 S.W. 1129, 1132–33 (1910), a case predating our Missouri rule practice, the Supreme Court of Missouri stated that:

> Where the Constitution or statute absolutely prohibits a court from doing a particular act, then the order or judgment of the court made or rendered in violation thereof is absolutely void for want of jurisdiction, and may be assailed in a collateral proceeding.... Where the Constitution or statute authorizes such court to do a particular thing, but at the same time prohibits the court from doing that until certain other things, stated, are performed, or where the power of the court to act is subject to certain limitations, named then the judgment of the court rendered in violation of the things stated, or contrary to the limitations named, then such order or judgment of the court is not void for want of jurisdiction, but voidable only, and if not corrected by timely motion or appeal, will become absolute and valid, and not subject to collateral attack.

In a more terse definition, the Supreme Court of Texas stated that:

> A voidable judgment is one rendered by a court having jurisdiction, but which is irregularly and erroneously rendered. Such a judgment is valid until vacated by direct proceeding instituted for that purpose or until reversed on appeal or by writ of error; it becomes valid by failure within the proper time to have it annulled or by subsequent ratification or confirmation.

*Easterline v. Bean*, 49 S.W.2d 427, 429 (Tex. 1932); *see also Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987).

Rule 74.03 contemplates that a procedurally defective order or judgment is voidable and therefore subject to being set aside, or nullified upon the prerequisite timely showing of entitlement to relief. Were it not for the relief afforded by this remedial rule, the order or judgment would otherwise stand viable and effective. For example, in *Fireman's Fund Ins. Co. v. Brouk–Ziegler Motor Co.*, 841 S.W.2d 778, 780 (Mo.App.1992) the court stated that the failure of a clerk to mail a copy of a summary judgment entry did not affect the integrity of the judgment.

Plaintiff cites *Albert J. Hoppe, Inc. v. St. Louis Public Serv. Co.*, 361 Mo. 402, 235 S.W.2d 347, 350 (banc 1950), in support of her proposition that the court's order of dismissal resulted in a void order or judgment. But *Hoppe* does not assist Plaintiff. The Court in *Hoppe* merely concluded that the vacation of a judgment (under Rule 75.01) without notice and hearing, although not due process of law, was without more an arbitrary procedure subject to reversal. It did not expressly declare that such a judgment would be void *ab initio*. Our Supreme Court in *Brockhoff v. Leary*, 711 S.W.2d 869 (Mo. banc 1986) noted that *Hoppe* and its progenies were "relics from a prior procedural code that have little need under today's practice." *Id.* at 871. The Court stated that the failure to provide notice (under Rule 75.01) was a violation of the applicable rule and should be treated as a violation of the rule. In interpreting *Brockhoff,* our brethren in the Western District suggested that the due process implications of the violation of a rule of procedure depended upon the sufficiency *of other available* procedures to remedy the lapse. *See Todd v. Todd,* 762 S.W.2d 449, 451 (Mo.App.1988). Rule 74.03 was available to Plaintiff but she did not use it.[3]

The evidence shows that the Plaintiff had *actual* notice of the order of dismissal, dated November 19, 1993, *within six months* of its rendition, from sources other than the court

---

**3.** Plaintiff cites *Henningsen v. Independent Petrochemical Corp.*, 875 S.W.2d 117 (Mo.App.1994) in support of her contention that the original November 19, 1993, order of dismissal was void because of the court clerk's failure to render notice to Plaintiff. The facts in *Henningsen,* while similar, are distinct in one very important

respect. Unlike *Henningsen,* Plaintiff had actual knowledge of the court clerk's failure to send notice of the dismissal in sufficient time to have taken advantage of the remedial measures set out by the Rules of Civil Procedure to correct any due process error.

clerk. Upon a timely application under Rule 74.03 and a prerequisite showing of good cause she would otherwise have been entitled to have had the order of dismissal set aside. *Tinsley v. Gosnell,* 873 S.W.2d 943, 944 (Mo. App.1994). "Good cause has been identified as an amorphous concept, which generally includes 'both a legitimate excuse for allowing the default to occur and a showing of some prejudice.'" *Tinsley,* 873 S.W.2d at 944; *see also DuBois v. DuBois,* 875 S.W.2d 223, 227 (Mo.App.1994).

On January 10, 1994, an action was commenced on behalf of Plaintiff by her new attorney in Case No. CV194–39CC which was essentially the re-filing of old Case No. CV188–232CC, the dismissed action. This denotes knowledge of dismissal of the prior case.

Further, in Plaintiff's own pleadings, the Amended Motion to Set Aside Dismissal shows (at page 6 of the legal file) that:

When Plaintiff and her counsel finally did receive notice of the dismissal, it was not until the six month period prescribed in Rule 74.03 was *just about* to run, and thus Plaintiff and her counsel were not given sufficient time to make an informed decision as to how to proceed. (Emphasis added.) [4]

Plaintiff had the clear opportunity to have sought relief under Rule 74.03 due to *actual* knowledge by her attorney that her initial case had been dismissed. "[A]ctions of a party's attorney, including procedural neglect that precludes a client's substantive rights, are imputed to the client." *Cotleur v. Danziger,* 870 S.W.2d 234, 238 (Mo. banc 1994). However, once informed it is clear that Plaintiff either sat on her rights or negligently failed to take advantage of the relief available to her. A party has a continuing duty to monitor a case from the filing of the case until final judgment. *Owens v. Vesely,* 620 S.W.2d 430, 433 (Mo.App.1981).

"A trial court has jurisdiction to set aside an order of judgment when no notice has been sent to a party. The rule, however, clearly and unambiguously sets forth a six-month time limitation for a party to request that a trial court set aside an order entered without notice." *Vilsick v. Fibreboard Corp.,* 861 S.W.2d 659, 664 (Mo.App.1993) (citation omitted). "[T]o permit plaintiff[ ] more than six months to challenge the judgment would not only be contrary to the clear terms of the rule, but would reward a lack of diligence in monitoring the status of the case." *Id.* at 664. Moreover, as Plaintiff had actual notice of the dismissal within six months, she cannot show prejudice in a due process sense because Rule 74.03 afforded her a complete remedy. *Warren v. Associated Farmers, Inc.,* 825 S.W.2d 901, 905 (Mo.App.1992); *Vicker's,* 806 S.W.2d at 117.[5]

Although not set out in her sole Point Relied On, in her argument Plaintiff contends the hearing court erred in refusing to set aside the November 19, 1993, order of dismissal on the basis of her entitlement to equitable relief under Rule 74.06(b)(5). We are not obligated to review this allegation of error. Rule 84.04(d) and (e). "An appellate court is obliged to determine only those questions stated in the points relied on. Issues raised only in the argument portion of the brief are not preserved for review." *Boatmen's Bank v. Foster,* 878 S.W.2d 506, 509 (Mo.App.1994); *Cozart v. Mazda Distributors (Gulf), Inc.,* 861 S.W.2d 347, 351 (Mo. App.1993).

The trial court did not abuse its discretion in the instant case. The judgment of the trial court is affirmed.

MONTGOMERY, P.J., and GARRISON, J., concurs.

---

4. "As a general rule ... 'allegations or admissions of fact contained in pleadings upon which a case is tried are binding on the pleader.'" *Rauch Lumber Co. v. Medallion Dev. Corp.,* 808 S.W.2d 10, 12 (Mo.App.1991).

5. Since Plaintiff had actual knowledge of the dismissal of her cause of action within the six month period, we do not reach the question of whether Plaintiff would have been precluded from the remedy afforded by Rule 74.03 due to her *negligently* failing to *ascertain* the true status of her cause of action.